CHRISTIAN J. BUTT ET AL. *v.* SAMUEL F. GREEN.

Where an officer levied upon a horse belonging to the execution debtor, who thereupon demanded "the exemptions allowed by law," and they then mutually agreed upon a proper time and place for the debtor to select and the officer to cause to be appraised the property of the debtor exempt from levy and sale, and the debtor purposely failed to be present and make selections at the time and place agreed upon: *Held,* that the debtor, by such failure, waived his right to select and hold as exempt the horse so levied on.

MOTION for leave to file a petition in error to reverse the judgment of the Superior Court of Montgomery county.

The action in the court below was brought by Green against Butt and his securities, upon the official bond of Butt as constable, to recover damages for the unlawful seizure in execution, conversion, and sale of a horse belonging to Green, which he had "selected before the sale,"

and demanded of the constable under the exemption laws of the state.

The answer reads as follows:

"Said Christian J. Butt, Francis M. Kemp, and Joseph W. Kemp, defendants, for answer herein, aver that said case against said Green, before said magistrate, being set for trial, said Green, without notice to the plaintiff therein, for the purpose of obtaining time to diminish his property and to incumber the same so that it might not be liable to be taken in execution, procured a continuance of said case until January 20, 1876; that on the day before said trial, to wit, on January 19, 1876, said Green proceeded to place fictitious chattel mortgages upon his personal property, one for $470.53 to one Louis Green, his son, a minor, and one to Bryce & Weber for $120; that said mortgages were given by said plaintiff for the purpose of preventing said property being taken on execution and sold for the satisfaction of said judgment; that having duly received said execution, said constable, at the residence of plaintiff Green, and in his presence, on January 21, 1876, levied the same on said horse Mike, and took the said horse away; that said plaintiff then demanded 'the exemptions allowed him by law,' and in lieu of a homestead, but did not select any particular property, or ask that any chattel property be set off to him; that said constable then notified said Green that he would have an appraisement and would duly set off to him all the exemptions he was entitled to, at the residence of said Green, at noon, on the 25th day of January, 1876, which time was chosen by plaintiff for that purpose, and agreed upon by plaintiff and said constable, at which time and place plaintiff agreed to be present; that at said time and place said constable attended, with two qualified appraisers whom he had summoned, but that said plaintiff did not appear, but purposely absented himself; that said constable, after waiting a reasonable time and then vainly endeavoring to find plaintiff to enable him to witness such appraisement and make what selections he might be entitled to, forthwith did set off to plaintiff of his chattels, the

property set forth in exhibit 'A' hereto appended, which was then duly appraised at the value given, amounting in the aggregate to $834.50, exclusive of said horse Mike; that said chattels were all the exemptions to which said plaintiff was entitled.

" Defendants aver that after said articles had been so set off and appraised, to wit, on the night of January 25th, and on the 5th of February following, plaintiff, for the first time, made any selection of any chattel which he desired to retain as exempt, or served any written notice or made any written demand on said constable.

" Defendants say that said constable having sold said horse, due return of said sale and proceedings was made by him, and the proceeds of said sale were applied in payment of said judgment, costs, and costs accrued according to law.

" Defendants, by reason of the facts above stated, deny that the conditions of said bond have been broken, or that plaintiff has been damaged in any sum whatever.

" *Exhibit ' A.'*—January 25, 1876. Inventory of Samuel F. Green's property, as appraised by the undersigned : One sorrel horse, $60 ; 1 brown horse, $30 ; 1 wagon, $50 ; 1 set harness, $5 ; 1 wagon, $30 ; 1 horse, $5 ; 2 brown horses, $250 ; 1 bay horse, $60 ; 1 do., $75 ; 1 do., $40 ; 1 lot harness, $41.50 ; 1 big wagon, $60 ; 1 stone do., $60 ; 1 big do., $50 ; harrow and gravel boards, $5 ; 3 stone-beds, at $4 each, $12 ; 1 sled, $5. Total, $834.50—less exempt $100—$734.50 ; less exempt $500—$234.50. (Signed,) John Stroup, W. Teigler."

To this answer Green filed a general demurrer, which was sustained by the court, and the defendants excepted.

The sustaining of this demurrer raises the only questions that will be decided by this court; and it is, therefore, unnecessary to refer to other proceedings in the case, in the court below, resulting in a judgment in favor of Green for the value of the horse levied upon and sold by the constable.

The reversal of the judgment so rendered, is the object of this proceeding.

*Alfred A. Thomas,* for the motion.
*David B. Corwin,* contra.

GILMORE, J.   The allegations of the answer, in reference to the conduct of Green, the defendant in error, in obtaining a continuance of the original action brought by Young against him, and the placing of fictitious chattel mortgages upon his property the day before the magistrate rendered judgment in the case in favor of Young, are not regarded as material, and may be rejected as surplusage, in considering the questions raised by the demurrer to the answer.

Rejecting these, does the answer state facts sufficient to constitute a defense to the action ?

Or, to make the inquiry more exact: Do the facts set forth in the answer show that Green, at the time he made the selection, had waived his right to select, and have set off to him as exempt from execution, the *particular* chattel levied upon and sold by the constable ?

The third section of the exemption act (70 Ohio L. 51) makes it lawful for any resident of this state, being the head of a family, to hold exempt from levy and sale on execution, personal property not exceeding five hundred dollars in value, to be selected by him, his wife, agent, or attorney, *at any time before sale.*

It is claimed by counsel for defendant in error, that the law is imperative, and that nothing that may have been done or omitted by the debtor, short of a failure to make the selection before the sale, can be so construed as to constitute a waiver of the right of selection given by the statute.

We think this claim untenable.   Where a statutory right is personal, it may be waived by the party for whose benefit it was intended.

For examples: The right to challenge a juror either peremptorily or for cause, exists up to the time the jury is

sworn; but both may be conclusively waived, by a failure to exercise the right at the proper time and in the proper manner.

Again, the constitution ordains that private property shall ever be inviolate, but subservient to the public welfare; and when taken for the purpose of making or repairing roads which shall be open to the public without charge, a compensation shall be made to the owner in money, and that such compensation shall be assessed by a jury. Yet even this right, and the mode of determining it, may be waived by the owner in a proceeding to take his property for such use, by failing to make application for damages at the time and in the manner required by a law regulating the proceedings to appropriate property in such cases. 22 Ohio St. 275.

Again, the defense of the statute of limitations may be waived.

But there are authorities more directly in point. The right to hold personal property which the owner would otherwise be entitled to under the exemption laws, may be waived by mortgaging it to a creditor. 3 Ohio St. 270.

Where the law required the debtor, in general terms, "*to select*," in order to entitle him to hold certain property exempt from execution, it was held that the "selection should be made at the time of the levy, if the debtor be present; but if not present, then it should be made within a reasonable time thereafter, and before sale," otherwise the right to select would be deemed waived. 3 Ohio St. 270.

These authorities show (1) that persons may expressly or impliedly waive either constitutional or statutory provisions intended for their benefit; (2) that where the statutory right to hold property exempt from execution depends upon selection or demand, the right may be impliedly waived by a failure to make the selection or demand at the proper time or in a reasonable manner, by the person entitled to exercise the right. From these it will follow, (3) that taking the well pleaded allegations of the answer to be true, the defendant had, in the light of the facts stated, at the time

he attempted to make the selection, impliedly waived his right to select and hold exempt the particular chattel levied on by the constable.

The schedule annexed to the answer shows that he was the owner of considerably more than $500 worth of chattels other than property absolutely exempt from execution; and consequently an appraisement of the property was indispensable to a determination of the debtor's rights. The constable levied on one piece of property only. The debtor then demanded "the exemptions allowed him by law," but did not select or indicate to the constable his intention to select the article of property levied on. The constable and debtor then agreed upon a time and place, chosen by the debtor, when the constable should attend with qualified appraisers for the purpose of ascertaining the debtor's exemptions by appraisement, at which time and place the debtor *agreed to be present.* The time and place agreed upon were apparently both convenient and proper. The constable with the appraisers attended at the time and place agreed upon, for the purpose of complying with the requirements of the law in such cases. The debtor purposely absented himself. What was the constable to do? We do not think the law required him to depart, and return with the appraisers at some other time for the purpose of discharging his official duty in the case. He did what was proper. After waiting a reasonable time for the debtor to come and make his selections, he set off to him, out of his chattel property, designated articles, including eight horses, which were appraised at over $800, exclusive of the horse levied upon. If the debtor was unable to be personally present at the time agreed upon, he could have authorized his wife, agent, or attorney to have made the selections he desired.

The substance of the benefit intended to be given by the exemption law to the debtor, is the right to hold property of a certain value, exempt from the claims of creditors. As was shown above, this benefit may be waived either expressly or impliedly, by acts done by the party intended to

Butt et al. *v.* Green.

be benefited. It is true the law provides that the debtor may select the property to be exempted, at *any* time before the sale; but this is a mere privilege to the debtor, the exercise or non-exercise of which would not necessarily affect the substantial benefit conferred, where he has actually obtained the full statutory exemption without selection. Like the right itself, this privilege of selection may be either expressly or impliedly waived. We think it was impliedly waived, by the failure of the debtor to attend, as he should have done, at the time and place fixed by him and the constable for setting off and appraising his exemptions.

When once waived, it could not afterward, but before the sale, be revived and asserted.

If there has been no waiver, the debtor's right to demand and select his exemption would, of course, have continued up to the time of the sale.

We think there was error in sustaining the demurrer to the answer.

Motion granted. Judgment of the superior court reversed, and cause remanded.

*Judgment accordingly.*