"White, J.
The only question in this case is, whether the right of Sinclair, the judgment debtor, to hold the safe and the wheat exempt from sale, was waived.
It is claimed on behalf of the plaintiffs in error, that the *533 orders of sale in the attachment suits had the effect to cut off the right; that such orders, in effect, adjudged that the defendant had no right to hold the attached property exempt from sale.
We do not think so. The effect of the attachments and the subsequent oi’ders of sale, was no greater in regard to the right of exemption, than would have been had by a judgment and execution thereon, levied on the same property.
The waiver is also claimed to arise from the fact that the debtor made no selection at the time of the levy of the attachments, and that he subsequently made a general assignment of all of his property for the benefit of his creditors. The assignment was made on February 17, 1874, and included the attached property subject to the attachments, as well as his other property. Whether the attachments would be effective or not, depended upon the plaintiff’s recovering judgment in the attachment suits. If they failed to prosecute their suits to judgment, or rather, if judgment should be rendered for the defendant, the attached property would pass under the assignment. Subsequently to the assignment, at the June term of the court, 1874, judgments were recovered by' the plaintiffs, and the orders of sale made.
The property now in question was selected by the debtor on August 4,1874, — six days before the time fixed for the sale, —and was set off and appraised by the officer, on the 8th of the same month. The question is, whether there was such delay in making the selection, as to operate as a waiver of the right. We think the statute, which declares that the selection may be made “ at any time before sale,” requires the question to be answered in the negative. 70 Ohio L. 51. We doubt not the right to make the selection may be waived by the debtor, as was held in Butt v. Green (29 Ohio St. 667); but we find no circumstances in the present case to justify us in holding that he had waived the right.

Judgment affirmed.