#### F. S. HASLAGE V. HOOVER AND WOODWARD.

PROPERTY CONCEALED DEEMED TO HAVE BEEN SELECTED.

If a debtor, demanding as exempt under sec. 4341, R. S., property taken by process of law and in the custody of the court, has at the time of such demand and the hearing thereon to determine his right to such exemption, other property of the same kind and of the value of $500 in his possession or under his control, which he conceals or withholds from his creditors, he will be deemed to have selected the property so concealed or withheld, and his demand for the property to the custody of the court will be refused.

ERROR to the Court of Common Pleas of Lucas county.

PARKER, J.

The question involved in this case. is as to the right of a debtor to hold certain property exempt in lieu of a homestead, under sec. 4341, of the Rev. Stat.

Suit was begun in the court below and a writ of attachment was issued, also garnishment process which was served upon the insurance company, a creditor of the debtor, on the twenty-ninth day of June, 1897. The action by Hoover and Woodward against Haslage was upon a claim of

$71.47. The insurance company answered as garnishee, that it had in its hands belonging to the defendant, $676.62. The debtor did not then, nor afterwards, until the twenty-third day of October, 1897, demand any property as exempt to him under this section of the statute, in lieu of a homestead; but upon the twenty-third day of October, 1897, he made his demand to the court and undertook to select $500 of this $676.62, which was then under the control of the court. The plaintiff in the case disputed the right of Haslage to have this money exempt to him. It was not disputed but that he was the head of a family, a resident of Ohio and not the owner of a homestead; but it was claimed that on account of certain property which he then withheld from the officer, or which he had withheld from the officer at the time of the attachment and garnishment, he should not have this $500 which he then undertook to select at a later date.

The facts were brought before the court by affidavits and by a certain record of an examination of the debtor had in a proceeding in aid of execution instituted in the court of common pleas, before one G. R. Craig, as referee, in the case of Babcock, Hurd & Company against Haslage. In that proceeding Haslage was examined as authorized by the statute. Upon the hearing, in the case at bar, the question was as to whether he should have this $500 exempt to him. The report of the examination before the referee was introduced in evidence over the objection of counsel for Haslage. It is contended that what Haslage testified to upon the occasion before the referee should not have been admitted, because it was in an action or proceeding between other parties than the plaintiff and defendant in this particular case, and also because the defendant, Haslage, did not have an opportunity of cross-examination; or, in other words, did not have an opportunity of doing anything more than answer the questions asked him in chief—did not have an opportunity to make further statement in explanation of the answers thus drawn out.

Without undertaking to decide whether he had such right, we are of the opinion that it was not error for the court to allow his answers given on that occasion to be introduced in evidence in this case. If it had been the testimony of some other witness which defendants in error had sought to introduce in evidence, it would have raised quite a different question—one to which the rules and doctrines asserted here by counsel for Haslage would have been applicable; but we are of the opinion that the admissions of plaintiff in error on that occasion, were admissible upon the hearing of this case. He had, upon this hearing, an opportunity to make any further statement or explanation that he may have desired to make.

It appears from this examination, and from the affidavits, that, at the time this insurance company was garnisheed, the defendant Haslage, had in his possession, or under his control, money amounting to something over a thousand dollars, in addition to this money which was due to him from the insurance company. I mean to say, that he had under his absolute control something over a thousand dollars. When this question came on to be heard before the court below, upon his demand and attempt to select, his statement was introduced to the effect that he did not then have this money, or any of it; that he had been traveling about the country, going to different cities, following and attending the races, and betting on the speed of horses, and that by so doing, he had lost all of this money. He didn't undertake to particularize, but made

that general, sweeping statement, that he had thus lost all of his money; that he had nothing left but this money in the hands of the insurance company out of which he was asking for $500 exemption.

It is contended on behalf of the defendant in error that since Haslage had this money in his possession at the time the garnishing process was served, and did not then offer to turn it over to the officer, or to his creditors, but withheld it, and afterwards wasted it, or lost it through his folly, it will be inequitable to allow him to have $500 in lieu of a homestead out of this money reached by attachment process.

It is said that some doctrine of estoppel, or of some implied waiver, or selection, should be applied, so that he should not now have an opportunity to assert a claim to this money in the hands of the court.

It is urged that the right of the debtor to select property must be determined as of the date of the levy; and in support of this proposition, we are cited to a case in the 40 Ohio State Reports, at pages 345 and 346. That was a case in which, at the time of the levy, the debtor was not one of the class of persons entitled to hold property exempt. He was an unmarried man. After the levy, but before the sale of the property levied upon, he married, and then undertook to claim the property as exempt to him as the head of a family. The court held against him, and, upon that state of facts, held that his right must be determined as of the date of the levy. And that seems to be the rule as to the class of persons entitled to hold property exempt. But, as to the particular property claimed as exempt, we understand the rule to be, as announced by the courts and as illustrated by a number of decisions, (among them being the cases in the 31 Ohio State Reports, page 447; 38 Ohio State, page 530; 40 Ohio State, 233 and 43 Ohio State at page 64), that, if, at the time of the levy, the debtor was one of the class of persons entitled to exemptions, his right to hold the particular property which he is claiming as exempt, is to be determined as of the date when he asserts the claim, or as of the date when the court comes to pass upon his claim.

We do not find it necessary in this case to either adopt or reject any of the doctrines urged or sought to be applied here, whereby the concealment or withholding by the debtor of other money or property would operate by way of estoppel, or as a waiver, or as a selection. We think we see serious objections to the adoption of a doctrine that would require a court to consider the wisdom or propriety of the use made by a debtor of property so retained as affecting his right to subsequently select other property. It may be that, in the exercise of equitable powers, courts may determine the right on the ground of the use made of the property so withheld; or, without statutory authorization, may say that, if the debtor withholds other property and uses it in such a way as that to allow him at a later date to withhold other property from the creditors, would be inequitable, and that, therefore, he should be denied such privilege of subsequent selection; whereas on the other hand, if he applied his other property to the payment of his debts, to his living expenses, or in some other way that could not be criticised, he should be allowed such privilege of subsequent selection. As at present advised, we doubt if a court may exercise such power in the administration of this law. There is no clear authority for the application of such rules or principles under this statute.

That the debtor's mere inaction—his mere holding on to the money and not turning it over to the officer, or to the creditors, would not amount to a waiver or a selection, we think is settled by a number of

authorities, and among them the case of Close v. Sinclair, in the 38 Ohio State Reports, at page 530. That is a case that went to the Supreme Court from this county. The syllabus reads as follows:

"The right given by sec. 3 of the Homestead Act, as amended February 27, 1873, (70 Ohio Laws, 51), to a debtor, who is the head of a family, and not the owner of a homestead, to hold exempt from levy, and said property as therein mentioned, to be selected by him 'at any time before sale,' applies as well to property levied on by attachment as by execution; and an order for the sale of the attached property, made in the proceeding in attachment, does not prevent the debtor from exercising his right of selection after the making of such order of sale.

"2. Where property has been levied on by attachment, and, pending the suit, the debtor assigns all his property for the benefit of creditors, excepting only such as he may lawfully hold exempt from execution, the right of the debtor to select the attached property as exempt from sale is not thereby waived."

It appears from the facts in the case that after attachment was levied upon the particular property in controversy, an assignment was made for the benefit of creditors. The assignment was made on February 17, 1874, and, at the June term of the court, judgment was taken for the plaintiff in the case wherein the attachment was issued and levied.

The property in question was selected by the debtor on August 4, 1874,—six days before the time fixed for the sale,—and was set off and appraised by the officer on the 8th of the same month. The question was whether there was such delay in making the selection as to operate as a waiver of the right. The court say:

"We think the statute, which declares that the selection may be made 'at any time before sale,' requires the question to be answered in the negative. We doubt not the right to make the selection may be waived by the debtor, as was held in Butt v. Green, 29 Ohio State, 667; but we find no circumstances in the present case to justify us in holding that he had waived the right."

So, in the case at bar, there is nothing in the mere fact that the debtor withheld this property and took no active measures to turn it over to the sheriff, or to his creditors, that would operate to cut off his right. But we hold that where a debtor claims and seeks to exercise a right to select money, and at the time of such attempted selection—at the time of the demand, or at the time his right thereto is considered and adjudicated by the court, it appears that other money amounting to $500, is in his hands, or under his control, the court will deem and adjudge that the retention of such money is a selection thereof, and will disallow his claim to the money held by legal process.

In the opinion of Judge Wildman in this case, 5 Nisi Prius Reports, 90, we find this quotation from Freeman on Executions, sec. 212:

"The right of selection must be so exercised as not to work fraud upon creditors by permitting the debtor to select as exempt that which has been levied upon and, at the same time conceal or dispose of other property which might have been levied upon, had the right of selection been properly exercised."

The doctrine there announced goes somewhat further than that adopted by this court, but we follow it to the extent of holding that, if the debtor has such property and conceals it at the very time that he is insisting upon his demand and selection of other property, the court will

regard such withholding of the property as a selection thereof, and will disallow his claim upon other property.

The property under the control of the court in this case, it will be observed, was money, or a credit to be discharged by the payment of money, and the property which the defendant conceals, or had at the time of the levy, was also money. With respect to this, the learned judge of the court below very aptly and pertinently says:

"The idea of selection of the fund in the hands of the garnishee is more fanciful than real. It is not that a bird in the bush is better than two birds in hand. The debtor does not select the fund in the court's power or control because he likes it better—because it is better or more desirable money, but he demands it only that he may hold it and that already in his hands. There can be in the case of a claimed selection of money under the circumstances of this case, no other conceived motive."

This case, as I have indicated, comes here on error. There is no finding of facts by the court below. The evidence is submitted to us, and every presumption is to be indulged in favor of the correctness of the judgment of the court below, and if, upon any conceivable state of facts which may be sustained by that evidence, that judgment may be upheld, we are bound to assume that that was the state of facts found by the court, and therefore uphold the judgment. Now, while it is true that the defendant has made the statement that he thus lost or wasted this property, in view of his other statements and of his conduct with reference to these claims of creditors, we cannot see that the court of common pleas was bound to believe this statement, and, if the matter were submitted to us upon this evidence as a court of inquiry into the facts, instead of reviewers of the record, we would come to the conclusion that this statement that he has thus wasted or gotten rid of this money within so short a period of time is not worthy of belief. We think the court below was authorized to disbelieve it, and I may say that it does not appear in the record or from any remark in the opinion of the court below that the court did believe this statement, but on the contrary, certain of his remarks indicate that he did believe, at the time he rendered his opinion, that the defendant debtor still had this money, or at least, $500 of it, under his control, or in his possession.

We think a finding of that kind would be fully sustained by the evidence in this case, and therefore, as I have said, we are bound to assume that the court did so find, and upon that ground we sustain the judgment of the court below.

Affirmed.

*P. N. Schuyler*, attorney for plaintiff.

*Theodore Alvord, Jesse Vickery*, attorneys for defendant.