Burket, J.
It is urged by counsel for defendant in error that the record does not show that the bill of exceptions was filed in the circuit court. The record *115 shows that eight original papers were filed in the circuit court, and the bill of exceptions being an original paper under section 6716, Revised Statutes, it sufficiently appears by the record that it was filed in that court. It is further urged that the record does not show that the demurrer to the amended petition was filed in the court of common pleas. The journal of January 30,1896, recites as follows: “This day came the parties and this cause came on for hearing upon the separate demurrers filed by the several defendants to the amended petition of plaintiff and was argued by counsel.” It cannot be presumed that a court and counsel on both sides would hear, argue and pass upon a demurrer which had never been filed. And as this demurrer has been argued by counsel and decided by the court, and bears the file mark of the clerk, we are satisfied it was filed, and that the omission of its filing from the printed record is the result of some oversight or mistake.
There is no promise or obligation on part of the members of the lodge to pay sick benefits to members set out in the petition. The averment is that a disabled member is entitled, under the laws of the order, to receive sick benefits, but there is no averment that he is to receive sick benefits from his fellow members, and the irresistible inference is that he is to receive his benefits from the lodge, and not from the members individually. True he says that there is due to him from the members of the lodge by reason of the premises the sick benefits claimed; but he has set out the premises in the forepart of his petition and those premises show that the benefits are not due from the members but from the lodge; and there is no averment in the petition that the officers are liable to pay sick benefits. The *116 laws of the order as pleaded and introduced in evidence, show no obligation upon the members to_ pay sick benefits, either individually or as officers of the lodge. The demurrer to the amended petition should therefore have been sustained as to the officers and members of the lodge, and upon the conceded facts in the case there is no cause of action against them.
The petition seems to state a good cause of action against the lodge. It is silent as to whether there is a tribunal within the lodge to pass upon the question of sick benefits when claimed by a member, and it may well be doubted whether a court can take judicial notice of the existence of such tribunal. The better practice is to plead the existence of such tribunal if there is one, in the petition, and aver that the plaintiff has exhausted his remedies in the lodge, and has a cause of action .against the lodge in the civil courts, setting out the facts which give him such cause of action. In this case the existence of a tribunal in the order for the settlement of all disputes, as to claims for sick benefits, is shown in the answer, and also by the printed laws of the order attached thereto and introduced in evidence. We cannot hold therefore that there was prejudicial error in overruling the demurrer of the lodge to the amended petition of the plaintiff.
There was no error in overruling the demurrer of the lodge to the reply, for the reason that if the lodge arbitrarily refused to pay his sick benefits and refused to investigate the plaintiff’s right to receive the same, and refused to permit the committeeman selected by him to serve or act in his behalf, he had a right to bring his action in the civil courts to recover such benefits. But if objection was made by anyone or for any cause to the committeeman selected *117 by Mm, and he thereupon selected another who accepted and served on the committee, he thereby waived the first selection, and the committee as constituted became a lawful committee under the laws of the order.
There was error in the admission in evidence of the letter from J. E. Dow. The only purpose of the admission of that letter was to prove that the plaintiff below had filed a transcript -with Mr. Dow as District Deputy Grand Master. The controversy was between the plaintiff and the lodge, and what a third party said about the matter could not bind the lodge. Mr. Dow was not acting as the agent of the lodge, and if he had been what he said as to a past transaction would not bind his principal. lie was acting while in office officially as the deputy of the Grand Master, to supervise all the lodges within his district. What he did or said while in office was for and in behalf of his superior, the Grand Master, and not for or in behalf of the lodge to which he belonged. It is not clear whether or not he was still in office when he wrote this letter, but in either event it was not competent and could not bind the lodge. For aught that appears his testimony could have been obtained by deposition or otherwise, and this should have been done.
It was also error to permit the plaintiff below to testify as to the contents of the letter to him from the Grand Master at Toledo. The lodge was not bound by what was said in the correspondence between the plaintiff and the Grand Master. If the contents of the letter were competent, the letter press copy thereof, kept by the Grand Master, was better evidence than the recollection of the plaintiff. Such officers usually keep letter press copies of all official letters written by them, and an effort. *118 should first be made to obtain such copy before resorting to less satisfactory testimony.
The most difficult question in the case arises upon the charge of the court, and the refusal of the court to charge as requested.
The laws of the order as shown in the evidence provide that when a dispute arises as to the payment of sick benefits, the Noble Grand shall appoint one member and the claimant of benefits one member, and these two shall choose a third, and the three members thus chosen shall constitute a committee to hear the evidence and report to the lodge; and the claimant being notified, the lodge shall proceed to consider the report, and determine whether the claimant is entitled to benefits. From the action of the lodge the claimant may appeal or prosecute error, to what is known as the Grand Committee, which consists of all the members in the district who have at any time held the office of Noble Grand in any lodge, and are in good standing. Such members are known as Past Grands. The Past Grands of the lodge to which the claimant belongs are by the laws of the order excluded from participating in the proceedings of the Grand Committee, upon such appeal or proceedings in error, so that the Grand Committee for the trial of such appeal or proceedings in error, consists of the Past Grands of the district, other than the Past Grands of the lodge to which the claimant belongs. The Grand Committee may hold regular meetings, and the District Deputy Grand Master shall call a special meeting on the request of five Past Grands i-n good standing, or he may, if deemed necessary, order a special meeting without request. From the action of the Grand Committee an appeal may be taken to the Grand Lodge, or error may be *119 prosecuted thereto. If the District Deputy Grand blaster fails to perform his duties the- attention of the Grand blaster may be called to such failure, or a complaint in the nature of a grievance may be filed against him in the Grand Lodge, and he may be compelled to perform his duty. Prom the action of the Grand Lodge an appeal may be taken to the Sovereign Grand Lodge, if the Grand Lodge votes to permit such appeal.
The claim of the lodge was, and it requested the court to so charge, that the claimant of benefits must seek his remedy in said tribunals of the order, and that their determination was final, and that the civil courts had no jurisdiction of the matter. The court charged the jury that the claimant must in the first instance seek his remedy in the tribunals of the order, and wound up by the following:
“If that tribunal has been created, and has finally heard and determined this matter, that determination is conclusive upon the parties; but if, for any reason they have refused to hear and determine this matter in any of the various stages provided for its determination by the rules of the order, then he may come into court and sue and ask the court to determine his right to recover; and if he has a right to recover, he may recover it in the court.”
The request to charge was too broad in this respect, that it robs the civil courts of their jurisdiction in a matter for the recovery of money, by an agreement made in advance of the accruing of any claim or demand. The case of B. & O. R. R. Co. v. Stankard, 56 Ohio St., 224, is to some extent in point, and shows that after the settlement of preliminary matters and the fixing of the amount due, the courts cannot be robbed of their jurisdiction to compel payment. The *120 right to appeal to the courts for the redress of wrongs is there held to be inalienable, but is by mistake printed “alienable.” The same mistake was made in Palmer and Crawford v. Tingle, 55 Ohio St., in fourth line from the top of page 443 where the word “inalienable” is printed “alienable.”
It is urged that the right to resort to the civil courts for redress may be waived, and cases are cited, among others, Butt v. Green, 29 Ohio St., 667, 671, Avherein it is held that a party may waive constitutional and statutory provisions intended for his benefit and protection. No fault is-found with that case, but it is not applicable to the question here under consideration. The distinction is this: after a right has accrued or an obligation has been incurred a party may waive his rights or refuse and neglect to enforce them, or he may by contract bind himself to submit the matter to arbitration or other special remedy. But a party cannot bind himself by contract in advance to renounce his right to appeal to the courts for the redress of wrongs. If this could be done an association might be formed in the state which would renounce our constitution and laws, and set up a different system of government for themselves, and in case of wrongs and oppression they would be debarred from resorting to our courts, and would be compelled to submit to the decisions of their own tribunals, and would most likely become dissatisfied and disorderly, resulting in riot and bloodshed. • The AA hole state has an interest in all its inhabitants, and it is to its interest that the rights of all should be protected and enforced according to the course of jurisprudence it has provided; and for that reason its courts are ahvays open for the redress of wrongs, and no person can by contract in advance, deprive him *121 self of the right to appeal to them. As pointed out, in the case of B. & O. R. R. Co. v. Stankard, supra, contracts may provide for ascertaining and fixing certain matters in a particular manner, but the ultimate adjudication of the questions of law must, remain in the courts, unless waived after the rights, have accrued, or the obligations have been incurred. Jurisdiction cannot be conferred upon courts by contract, and it cannot be taken away by contract; but in certain cases a party may be estopped by his contract from invoking the jurisdiction and aid of a court in his behalf.
The Stankard case is different from the case at bar in this: In that case the construction of language,, the meaning of the regulations, or of any writing, decision, instruction or acts was to be conclusively determined by the superintendent, or by the committee-on appeal, and it was held that the court could not be-robbed of its jurisdiction to put its own construction upon such matters. In the case at bar it is claimed by the lodge that the tribunals of the order have sole-jurisdiction of the subject matter, and that the courts, cannot take jurisdiction in any event to compel payment of sick benefits. The claim is too broad. If the lodge refused to proceed substantially as required by its laws to settle the dispute as to sick benefits, or, if the right to such benefits should be determined in favor of the claimant and the lodge should fail to pay the same, an action might be maintained for the recovery thereof, but mere irregularities in the proceeding could not be regarded as a refusal to act. To authorize an action in court there should be no pretense-of a proceeding in the lodge-under the laws of the order upon proper request by the claimant for the settlement of the right to sick benefits, or else the pro *122 ceedings should be so defective in substance as to render a judgment in a court of justice under the same circumstances null and void. There was therefore no error in refusing the charge as requested.
The next question is as to the charge as given, to which there was an exception. The lodge referred the dispute as to sick benefits to a committee of three as provided by the laws of the order, and that committee reported adversely to the claimant, and when he was present in the lodge and no further notice to him required, the lodge acted upon the report and unanimously adopted it, and thereby determined that he was not entitled to sick benefits. This was conclusive against him unless he should succeed in changing the result by a proceeding in one of the higher tribunals of the order. He gave notice of appeal, this seems to be conceded by all. He says that he obtained a transcript from the secretary, Avhile the secretary says he does not recollect of giving him a transcript and does not remember that he asked for, or demanded one. There is no claim or pretense that the lodge or the secretary refused to give him a transcript. The lodge therefore did all that the laws of the order required to enable the plaintiff to perfect his appeal and establish his right to sick benefits before the Grand Committee. The lodge had a determination in its favor, and by giving him a transcript did all in its power, and all the laws of the order required of it, to enable him to perfect his appeal; and if he thereafter failed in his appeal, it Avas his misfortune and not the fault of the lodge; and the lodge'could not be held in an action at law because he failed to secure a hearing before the Grand Committee on his appeal. The members of the lodge formed no part of the Grand Committee in the hearing of his appeal. By obtaining the request *123 of five Past Grands in his district he could have compelled the District Deputy Grand Master to convene the committee and hear his appeal. It was his duty and not the duty of the lodge to see to the convening of the Grand Committee, and his failure to induce the District Deputy Grand Master to convene the Grand Committee, could not be charged against the lodge, and could not give him a right to sue the lodge for sick benefits which it had been determined by the laws of the lodge that it did not owe to him. As well might a party who has been defeated in a court of justice and appealed to a higher court, and failed for any cause to perfect his appeal, claim that by reason of such failure he has the right to begin a new action to recover his demand.
The court charged that “if for any reason they have refused to hear and determine this matter in any of-the various stages provided for its determination by the rules of the order then he may come into court, etc.” This is too broad. The lodge was not responsible for what occurred in the various stages in the higher tribunals after it got beyond the lodge. The determination was against him in the lodge, and after the transcript was furnished to him by the lodge, the burden was thereafter on him to get rid of that determination, and if he failed in his appeal by reason of his own negligence or the negligence of others than the lodge, he cannot hold the lodge responsible for such negligence, and cannot make the same a basis of an action against the lodge. There was therefore -error in the charge as given.
One ground of error in the action for a new trial and also in the petitions in error, is that the amount of the verdict is excessive. The special verdict shows that the time was calculated to September 21, 1896, *124 while the petition was filed December 30, 1892, and', it is averred that he was expelled from the order August 4,1891. It seems clear that he could not recover' for sick benefits which had not accrued when he filed, his petition, and that no sick benefits could accrue-after his expulsion. The verdict was therefore excessive.
For the errors above pointed out the judgments below Avill be reversed and a new trial granted as to the
claim against the lodge, and as to the other defendants below, final judgment will be entered in their favor.

Judgment accordingly..