[S. F. No. 1617.    Department Two. — May 29, 1901.]

THOMAS HODGE, Respondent, v. M. G. NORTON et al.,
Appellants, and E. C. YOCCO, Respondent.

MORTGAGE UPON PROBATE HOMESTEAD — POWER OF WIDOW — RIGHTS OF
MINORS — HOMESTEAD NOT IMPAIRED. — A widow may mortgage her
interest in a probate homestead, set apart out of the community
property upon administration of the estate of her deceased husband,
for the use of herself and two minor children, the title of which,
subject to the homestead, is one half in herself and one fourth in
each of the minors.   But she cannot thereby destroy the homestead
quality of the premises, nor deprive the minors of their right to
occupy it during their minority.

ID. — DECREE OF FORECLOSURE — POSTPONEMENT OF PURCHASER'S POS-
SESSION. — In the decree of foreclosure of such mortgage, it is prop-
erly provided that the purchaser at the sale should be entitled to
possession only when the youngest child arrives at majority.

ID. — MOTION TO SET ASIDE EXECUTION AND ORDER OF SALE. — A mo-
tion to set aside an execution and order of sale issued in a foreclos-
ure suit brought against the widow, on the ground that the judgment
of foreclosure of mortgages executed by her was void, was properly
denied.

APPEAL from a judgment of the Superior Court of Santa
Cruz County and from an order refusing to recall and set
aside an execution and order of sale.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Nicholas Bowden, for Appellants.

S. A. Barker, and S. G. Tompkins, for Thomas Hodge, Re-
spondent.

Will M. Beggs, for E. C. Yocco, Respondent.

HENSHAW, J. — Marian G. Norton and H. C. Morrill, de-
fendants, appeal from the judgment of the superior court for
the foreclosure of a mortgage executed by Marian G. Norton
to the plaintiff, and for the foreclosure, on the cross-complaint
of defendant Yocco, of a mortgage executed by Marian G.
Norton to him.

During the progress of the administration upon the estate of
Henry B. Norton, deceased, formerly husband of defendant

Marian G. Norton, the court in probate set aside about thirty-six acres of land as a homestead for the widow, Marian G. Norton, and her two minor children. The property thus set aside was community property; and, subject to the homestead, the title to an undivided one half vested in Marian G. Norton, and the title to an undivided one fourth each in the two minor children. One of the children was a minor at the commencement of the action, and would arrive at majority upon January 1, 1900. In 1894, Marian G. Norton executed the mortgage in suit to plaintiff, upon her interest in the homestead land. Subsequently, in 1895, she executed another mortgage upon the same land to her co-defendant, Yocco.

The decree of the court ordered a foreclosure of the liens of these mortgages, and decreed a sale of Marian G. Norton's interest in the land, providing further, however, that the purchaser at foreclosure sale should be entitled to enter into possession only when the youngest child attained majority.

Upon this appeal there is no pretense but that the money was paid upon the security of the mortgages, and has not been repaid. The contention merely is, that the mortgages so made by Marian G. Norton were nullities, and ineffectual to impose any liens upon the homestead property. This contention is conclusively answered by the case of *Hoppe v. Fountain*, 104 Cal. 101. In that case, as in this, the widow executed a mortgage upon the probate homestead set apart to her and to the minor children, and in discussing the validity of this mortgage it was there said: "As the owner of an undivided interest in the land, it was competent for the mother to mortgage or convey such interest. She could not, however, confer upon her grantee or mortgagee any greater rights in the premises than she herself held. As she could not destroy the homestead quality of the premises, or deprive the minor children of their right to occupy the homestead, any grantee of her interest must take it subject to the same limitations. A purchaser at the foreclosure sale can obtain no greater rights than would her immediate grantee, and the court in the foreclosure proceedings would have no right, by reason of any covenant in the mortgage, or allegation in the complaint, to make any order or direct any act which would affect the rights of any of her co-tenants. For the purpose of informing the court of the extent of her interest and the nature of the estate which she had mortgaged, it was proper for her to allege in her answer the

manner in which her title had been derived, and to show that the premises had been set apart as a homestead, and that their homestead quality had not yet ceased. Upon these facts being brought to the attention of the court, the decree it might make would be adapted to the rights of the respective parties to the action. As the purchaser under the decree would not have a right of entry upon the premises as a co-tenant until the termination of the homestead, that limitation should be included in the decree under which the sale should be made. The demurrer to the separate answer of Mrs. Hoppe should therefore have been overruled."

As overruling this authority, the appellants rely upon the case of *Moore* v. *Hoffman*, 125 Cal. 90.[1] But the Hoffman case neither overrules the Fountain case, nor is it in conflict with it. In the Hoffman case a probate homestead had been set apart to the widow and the minor children. Upon attaining majority, one of the children deeded his interest, and the grantee under the deed sought to take possession as tenant in common with the widow. It was there decided that when the children arrive at majority their interest in the homestead, as such, ceases, and the homestead, as to them, is terminated, but as to the widow it continues to be a homestead so long as she desires to preserve its character as such, and does no act toward its destruction. Therefore, in the Hoffman case, as the widow insisted upon preserving the homestead character, it was held that, as to her, it could not be destroyed by the act of an adult child. In the case at bar, however, it is the widow herself, by her own act, who has destroyed this character.

The court refused to recall and set aside the execution and order of sale which it had issued. The grounds of the motion were that the judgment itself as rendered by the court was void. The court's denial of the motion was therefore proper.

The judgment and order appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.

---

[1] 73 Am. St. Rep. 27.