**In the Matter of Richard O. BLUE, Debtor.**

**John R. BUTZ, Trustee in Bankruptcy, 806 Arcue Building Springfield, Ohio 45502, Plaintiff,**

**v.**

**Richard O. BLUE, 619 North Bird Road, P.O. Box 376, Springfield, Ohio 45501, Defendant.**

**Bankruptcy No. 3–80–00713.
Adv. No. 3–80–0374.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Sept. 2, 1980.

John R. Butz, Springfield, Ohio, trustee-plaintiff.

John P. McDonough, Springfield, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### STATEMENT OF FACTS

Debtor, defendant herein, filed his voluntary petition in bankruptcy on 24 March 1980. No life insurance policy was scheduled as property of the estate (and none was claimed as exempt property).

Upon the examination of debtor by John R. Butz, trustee in bankruptcy and plaintiff herein, at the § 341 meeting of creditors, it was discovered that debtor is owner of a life insurance policy with Nationwide Insurance Company, which has a net cash surrender value of approximately $913.00.

On 11 July 1980 plaintiff filed a complaint for authority to surrender the policy for its cash value, alleging that the policy is not exempt under the Ohio statutes.

The beneficiary at the time of filing the petition in bankruptcy was Catherine Taylor, who is a sister of the debtor and not a dependent. From the records of the insurance company, it has been established that a request for change of beneficiary was received on or about 14 May 1980, handwritten on a notice of premium due. Upon receipt, proper insurance company forms to effect a change of beneficiary were forwarded to debtor. It was the intent of the debtor to change beneficiary to name his minor son.

### CONCLUSION OF LAW

The policy in question for change of beneficiary provides, as follows:

Any new designation of an Owner or a Contingent Owner will automatically revoke any prior designation of a Contingent Owner, Beneficiary or Contingent Beneficiary unless otherwise specified. Any designation or change of Owner, Contingent Owner, Beneficiary or Contingent Beneficiary will not be binding upon the Company unless made in writing and filed at the Home Office. Such designation or change will then be effective as of the date it was signed, except that it will not apply with respect to any payment made or action taken by the Company before it was filed. The Company reserves the right to require the policy for endorsement of any such designation or change.

Defendant maintains that he had intended to change the beneficiary of the life insurance policy before filing in bankruptcy, but neglected to do so. No explanation has been offered to explain why the policy was not scheduled as an asset in the bankruptcy estate.

The parties have submitted no citations of case precedents or statutory authorities.

Under Ohio Revised Code § 3911.10, the policy would be exempt if the beneficiary is a dependent child, and this statute expressly provides for a change of beneficiary.

The only issue is whether the attempted change of beneficiary should be effective to defeat the rights of the trustee in bankruptcy to liquidate the policy for creditors.

There is no question raised in the facts of premiums paid by the insured in fraud of creditors; hence, a change of beneficiary prior to filing the petition in bankruptcy would have rendered the policy exempt.

Under the Bankruptcy Act of 1898, prior to the revision of 11 U.S.C. § 110(a) in 1938, the trustee's title vested on the date of the adjudication in bankruptcy. Since that revision, the time of vesting was "as of the date of the filing of the petition in bankruptcy". As amended in 1952 the time is "the date of the filing of the petition initiating a proceeding under the Bankruptcy Act."

In *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301, the Supreme Court settled this question as to exemptions with a "purpose 'to fix the line of cleavage' with special regard to the conditions existing when the petition is filed . . . In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to

which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed."

The 1978 Bankruptcy Code professes to simplify "a complicated melange of references to state law" which "does little to further, the bankruptcy policy of distribution of the debtor's property to his creditor [sic] in satisfaction of his debts." *House Report No. 95–595 p. 175*, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6136. As to exemptions, "These changes will bring anything of value that the debtors have into the estate. The exemption section will permit an individual debtor to take out of the estate that property that is necessary for a fresh start and for the support of himself and his dependents . . . But on the whole, the trustee will be able to bring all property together for a coherent evaluation of its value and transferability, and then to dispose of it for the benefit of the debtor's creditors." *House Report No. 95–595 at page 176*, U.S.Code Cong. & Admin.News 1978 at 6136.

The 1978 Bankruptcy Code permits the debtor to convert non-exempt property into exempt property prior to the filing of a bankruptcy petition. *House Report No. 95–595 at page 361.*

Hence, in removing the "melange", we find language emphasizing both the policy of distribution of the debtor's property to his creditors and the apparent policy of permitting a debtor to remove, at any reasonable time, property from the estate to preserve exemptions (probably any time before distribution by the trustee in bankruptcy, regardless of any conditions or vesting of interests).

A waiver of exemptions is now unenforceable in bankruptcy; and, a waiver of the debtor's right to obtain exempt property is not permitted. *See 11 U.S.C. § 522(e).*

▮ Under Ohio law of long standing and case precedents the right to exemptions can be waived, other than by executory contract. *Ohio Revised Code § 2329.72 (GC 11729).* If the debtor fails to exercise the right by making a proper and timely de-

mand and selection the exemption will be deemed to have been waived. *Butt v. Green*, 29 Ohio St. 667 (1876).

In the decision of this court rendered *In Re William James Walkosak*, Case No. 68–1652 (at Dayton, 1969), the debtor was permitted to assert his exemption in a life insurance policy not claimed prior to the trustee's report setting off exemptions and after the trustee had taken action to surrender the policy for its cash surrender value. It was decided there, however, that the administrative expenses chargeable to the transaction prior to claiming the exemption must be reimbursed to the trustee, so that the creditors receiving dividends from other assets would not indirectly be bearing the cost of the bankrupt's laches.

As the Supreme Court in *White v. Stump* has emphasized, nevertheless, there must be a "line of cleavage". If the debtor is to be permitted to claim any time, before or after filing, an exemption existing on the date of filing the bankruptcy petition, so as not by implication to waive such rights (laches notwithstanding), where is the cleavage?

▮ The conclusion now reached would place this cut–off date for converting non–exempt property to exempt property as the now traditional *White v. Stump* rule. Despite the professed semantical niceties of abolishing the use of "title" concepts under the 1978 Bankruptcy Code, the trustee in bankruptcy and creditors take all of the "property of the estate" as defined under 11 U.S.C. § 541 in its full legal significance. This bundle of property rights vest upon "the commencement of a case". At this point of cleavage neither the debtor nor the creditors can elect to defeat these respective vested interests.

The line of cleavage under 11 U.S.C. § 541(a) is the date of "The commencement of a case under section 301, 302, or 303 of this title . . . ."

In this sense, a sharp and clear distinction should be drawn between the situation of a debtor changing his claims to exemption to add property by law already exempt and a request to change non–exempt property to

exempt property. In the first instance, there are no intervening rights attaching; but, in the latter instance the intervening rights of the trustee and creditors have vested and the property is *in custodia legis* for the protection of all rights. Such is the interpretation herein of the legislative purpose expressed in House Report No.95–595, pages 175–176.

The consequences of this conclusion might at first flush seem harsh because the debtor loses an exemption by such technicalities *instanter*; and, there may be an inclination of a court to heed as a court of equity the most basic maxim of all, "that equity regards as done that which ought to be done." Even under this maxim, however, a court will not consider as act to have been done if the consequence of doing so will result in some damage to other persons. *See 27 Am.Jur.2d, Equity § 126.*

Having concluded that non–exempt property cannot be changed to exempt property after the commencement of a case, and that the insurance policy in question is not exempt, as such, another question remains for disposition, even though not raised by the parties. Adverting to this court's decision *In Re Smith and In Re Marinelli*, Cases 80–99 and 208; 5 B.R. 227, 6 B.C.D. 644 (1980) the question arises whether or not the non–exempt life insurance policy can qualify for an exemption under Ohio Revised Code § 2329.66(A)(17). We conclude that it does, reiterating that the Ohio exemption statutory allowances are not necessarily mutually exclusive. As emphasized in the *Smith–Marinelli* cases, "any property" literally connotes any other property of any kind, even of a nature to be generically included in another category, to the extent of any monetary limitations,

*ORDERED, ADJUDGED AND DECREED,* that the cash surrender value of the debtor's life insurance policy purchased from Nationwide Insurance Company is not exempt property under the statutes of the State of Ohio pertaining to life insurance; but,

*ORDERED, ADJUDGED AND DECREED,* that there is a $400.00 exemption applicable to the total cash value under Ohio Revised Code § 2329.66(A)(17) and it is further, *ORDERED* that the debtor may keep the life insurance policy in effect by making a policy loan for the non–exempt value within two weeks after the date of this decision.