**In the Matter of George Andrew HOWARD, Sr., (and) Beulah Fay Howard, Debtors.**

**Bankruptcy No. 3–80–00218.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 23, 1980.

---

Carl E. Juergens, Springfield, Ohio, for trustee.

Ronald L. Galluzzo, Springfield, Ohio, for debtors.

## ORDER AND DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

The material facts as developed at the time of the hearing on 15 August 1980 are not particularly in dispute.

On 1 February 1980 George Andrew Howard, Sr., and Beulah Fay Howard, husband and wife, filed a joint petition in bankruptcy and joint schedules.

The debtors were examined by Carl E. Juergens, Trustee in Bankruptcy, at the § 341 meeting of creditors on 7 March 1980.

Ownership of a policy of life insurance by Beulah was not disclosed in the schedules filed with the petition and, even more seriously, was not disclosed upon interrogation of debtors by the Trustee on March 7.

The policy in question had been issued on the life of Beulah Fay Howard on 26 August 1974 by the Nationwide Insurance Company in the face amount of $5,000.00; listing her husband George Andrew Howard, Sr., as the beneficiary.

Beulah died on 2 June 1980. Shortly thereafter the existence of the policy was revealed to the trustee and delivered to him on 6 June 1980.

On 17 June 1980, George Andrew Howard, Sr., as Administrator of the Estate of Beulah Fay Howard, deceased, filed an amendment to the schedules, to list the life insurance policy, which had a cash surrender value of $55.00 at the time of filing the petition in bankruptcy. At the same time, an amendment to the exemptions schedule was filed claiming "the proceeds of life insurance . . . . O.R.C. 3911.10 (George) $5,000.00."

The Trustee on 26 June 1980 filed a disallowance of the exemption; and, on 9 July 1980, objections to the Report of Trustee was filed, requesting a hearing.

There is no evidence whatever to indicate that the husband was dependent upon his deceased wife for support.

## DECISION

As posed by the Trustee in his brief filed 29 August 1980 . . . "[t]he issue involved is whether, if one of the co–debtors dies within 180 days of the filing of the bankruptcy action, leaving a life insurance policy with the other co–debtor as the beneficiary thereon, if said proceeds from said life insurance policy are then the property of the trustee in bankruptcy, especially when said life insurance policy is not disclosed to the trustee until after the death of the debtor, nor exemptions claimed after the death of the debtor." The Trustee, in addition to urging failure of the exemption because of concealment, also argues that, "It is further submitted that even if said exemption had been claimed originally and the life insurance policy disclosed as an asset of this bankruptcy estate, the only amount that could have been claimed at that time was the cash surrender value of said life insurance policy, which was of nominal amount."

No case precedents were cited. The only authority cited was 11 U.S.C. § 541(a)(5)(C) of the Bankruptcy Code.

In behalf of the debtors, it is urged that Ohio Revised Code Sections 2329.662, 2329.-66(A)(6)(b), 3911.09, 3911.10, 3911.11 and 3911.12 are *in pari materia*, and the intent of exemption statutes generically dictate awarding the insurance policy benefits to the benefit of dependents of debtors.

## I

The only pertinent Ohio statutes are Revised Code Sections 2329.662 and 3911.10 which have been enacted to effect an Ohio insurance policy exemption in lieu of 11 U.S.C. § 522(d). Under these sections all contracts of life or endowment insurance upon the life of any person for the benefit of a spouse, children, or dependent relatives, is held, "together with the proceeds or avails of such contracts . . . . free from all claims of the creditors of such insured person or annuitant . . . ." O.R.C. 3911.10.

Revised Code Sections 3911.09 and 3911.-11 are not applicable under the express provision of Revised Code Section 2329.-66(A)(6)(b). Further, these provisions apply to policies purchased on another persons life (O.R.C. 3911.11), or a policy assigned to a married woman (O.R.C. 3911.12) or to qualified beneficiaries (O.R.C. 3911.09).

The threshold determination to be made is a delineation of the bankruptcy estate under 11 U.S.C. § 541. Even though a joint petition was filed, estates are in legal effect separate or several. Pursuant to 11 U.S.C. § 302(b), "after the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." It logically follows, as iterated in the legislative history, that "The section, of course, is not a license to consolidate in order to avoid other provisions of the title to the detriment of either the debtors or their creditors. It is designed mainly for ease of administration." *House Report No. 95–595, 95th Cong., 1st Sess. (1977) 321, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6278; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 32, U.S.Code Cong. & Admin.News 1978, p. 5787.* This is a traditional administration approach to case administration as

developed under the Bankruptcy Act of 1898, as amended, and the thrust of General Order 7 and Rule 117 of the Rules of Bankruptcy Procedure. Hence, the exemption of each spouse can be claimed only from his or her separate estate. *See also 11 U.S.C. § 522(m).*

## II

The next question is the effective date (and cut off date) that controls exemption rights. This "cleavage date" is the date of "the commencement of the case." This court has previously concluded that at this point non–exempt property cannot be changed to exempt property, even though susceptible to such a change previously. *See Butz, Trustee v. Blue, 5 B.R. 723 (Bkrtcy.1980).*

■ On the cleavage date, the policy was in the estate of Beulah Fay Howard, and she was entitled to claim its value as exempt. At that time, the value and exemption was its cash surrender value of $55.00. This was not claimed; and, since the property was concealed by the debtor, the exemption was lost and cannot be claimed after its discovery. Even though the provision of 11 U.S.C. § 522(g) is somewhat ambiguous because of the other sections of the Bankruptcy Code therein referred to, the mention of concealed property in § 522(g)(1)(B) waxes little sense in view of prior Section 6 of the Bankruptcy Act and case precedents unless such prior principles of law have been contemplated. Since this court sits in equity (28 U.S.C. § 1481) a debtor is under a duty to do equity and comply with mandatory duties to disclose all assets. To incur the effect of § 522, a concealment without a transfer should be equally reprehensible and fraudulent.

## III

■ Looking then to the estate of George Andrew Howard, it is concluded that the policy was not a part of his estate and he had no vested property rights therein, although he was named beneficiary of the death proceeds. (Subject to change by the owner of the policy).

The death benefits in the amount of $5,000.00, however, would be in his estate pursuant to the 180 day provision of 11 U.S.C. § 541(a)(5)(C).

Even though not addressed in the briefs, the questions seem presented as what, if any, exemptions could be claimed by the beneficiary. The policy as such is not exempt in his estate. We conclude, nevertheless, that he can claim an exemption under the "any property" exemption of Ohio Revised Code § 2329.66(A)(17). *See Butz, Trustee v. Blue, supra.*

Such is not in conflict with the date of cleavage in light of the provision of 11 U.S.C. § 541(a)(5)(C), which renders life insurance proceeds acquired within 180 days of the commencement of a case as property of the estate.

It must be concluded that since the statute incorporates certain assets realized within 180 days after the commencement that any interest in the debtor existing on the date of cleavage is sufficient nexus in the same property to at least give rise to an "any property" exemption. In this sense, the debtor is not changing non–exempt property into exempt property as disallowed in the *Blue* case.

■ Furthermore, since the policy was not in the estate of George Andrew Howard at the commencement of the case, it cannot be concluded that he, personally, is guilty of concealment of estate property. The fraud of his wife will not be imputed.

*ORDERED, ADJUDGED AND DECREED,* that no exemption is available in the estate of Beulah Fay Howard because of the concealment of the exempt property.

*ORDERED, ADJUDGED AND DECREED,* that there is an exemption of $400.00 in the estate of George Andrew Howard, Sr., which can be claimed even after the date of the commencement of the case because this asset did not come into the estate until after the date by operation of 11 U.S.C. § 541(a)(5)(C) and the exemption rights revert back to the date of commencement.