In the Matter of David Allen CATTELL, Linda Kay Cattell, Debtors.

Bankruptcy No. 3-83-00861.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 12, 1983.

Carl E. Juergens, Springfield, Ohio, Trustee.

Gail L. Morrissey, Dayton, Ohio, for debtors.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

David Allen Cattell and Linda Kay Cattell, husband and wife, filed a joint voluntary petition for relief in accordance with Chapter 7 of Title 11, United States Code, on 13 April 1983.

As pertinent to the instant litigation, they scheduled among items of property a 1973 Ford Ranchero Truck, showing a market value of $1,000.00. Among the personal exemptions claimed in Schedule B–4 was: "Motor Vehicle per O.R.C. § 2329.66(A)(2) ..... $1,000.00 ea." The 11 U.S.C. § 341(a) meeting and examination of Debtors was held on May 13, 1983.

On May 19, Carl E. Juergens, Trustee in Bankruptcy, filed an Objection to Exemptions claimed by Debtors, "for the reason that debtors disposed of said motor vehicle prior to the 341 hearing in violation of the automatic stay Order and in trustee's opinion, therefore, forfeited their exemption."

After the filing of the petition, David Allen Cattell, as owner, traded the 1973 Ford Truck to Whiteys Auto Sales in Springfield, Ohio, on a 1970 Chevrolet Monte Carlo. The sale price or value paid by the dealer was $850.00. The Trustee was not offered any opportunity to have the vehicle appraised, although he did contact an appraiser who advised that the 1973 Ford has a "book value" of $1,425.00.

On 14 June 1983 Debtors amended their schedules to delete the 1973 Ford Ranchero Truck and to add the 1970 Chevrolet Monte Carlo valued at $500.00 which was claimed as exempt.

### DECISION

The Trustee accedes that the Debtors would be entitled to an exemption not to exceed $1,000.00 in a motor vehicle under Section 2329.66(A)(2) of the Ohio Revised Code. He argues, nevertheless, as follows:

"The United States Bankruptcy Code, 11 U.S.C. 541 provides that certain assets become part of the bankruptcy estate and should be turned over to the trustee. Said Section further provides that the bankruptcy estate is determined by reference to the legal or equitable interest of the debtor in property, wherever located, as it may exist as of the commencement of the bankruptcy case. Property which the debtor may claim as exempt either under bankruptcy or non-bankruptcy law, is included as property of the estate.

Section 521 of the United States Bankruptcy Code requires the debtor to surrender all property of the estate to the trustee.

It is therefore submitted that the debtor has violated his duty to surrender property to the trustee, in fact, had disposed of property belonging to this estate. This property, even if the exemption were allowed, was of such a value as to be an asset of this bankruptcy estate.

It is further submitted that the debtors have waived any exemption to which

they might be entitled by their actions in contrary to the United States Bankruptcy Code."

No case precedents were cited to support these propositions. In behalf of the Debtor, this rationale was countered as follows:

"In 1981, a Sixth Circuit Court rules that the commencement of a case creates an estate and after the creation of a case the debtor may exempt his share under Section 522 of the Bankruptcy Code. *In Re Everhart,* 11 B.R. 770, 774 (6th Cir. 1981). In *Everhart,* the claimed exemption involved a transfer of funds within the preference period. The court ruled the transfer was voidable but *only* to the extent that the value of the property exceeded the value of the exemption allowance. Id at 774. Under this reasoning it is clear that if an exempted amount of funds remains exempt even if transferred *before* the filing of the petition, the exemption in the present case should remain when the property was transferred *after* the filing of the petition. The *Everhart* court went on to state that under Ohio law, where there is doubt as to the intent of the statute, the interpretation should be construed in favor of the Debtor. Since there is no clear statutory intent in this case the Court should rule in favor of the Debtors [The *Everhart* decision reported at 11 B.R. 770 is a decision by Bankruptcy Judge Richard L. Speer, N.D. of Ohio].

Once the Bankruptcy Court has determined that property is exempt, it has exhausted its jurisdiction over that property. *Browne vs San Luis Obispo National Bank,* 462 F.2d 129. (C.A.Cal.1972). Since, in the present case, there should be no question as to the exempt status of the 1973 Ford truck at the time of the filing, the Court has no jurisdiction over its later disposal, even though the final determination as to its exempt status was not made at the time of disposal."

The Trustee has reason to be apprehensive concerning property of the estate for which he bears statutory responsibilities. Certainly, it is incumbent upon him as a primary function to collect the property of the estate and expeditiously and aggressively pursue property concealed. 11 U.S.C. § 704. Conversely, the mandatory duties of the Debtor include cooperation with the Trustee as necessary to enable him to perform mandatory duties, including the surrender of all property of the estate. 11 U.S.C. § 521.

■ The estate includes all property of the Debtor(s), including any later to be set off as exempt. § 541(a)(1). After the property comes into the estate, then a debtor is permitted to exempt it, free from administrative expenses not related to avoidance of liens or transfers. See H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; Bkr–L Ed. § 82:17, Page 380; and 11 U.S.C. § 522(k).

Hence, all property of the estate is *in custodia legis* "wherever located," as of the commencement of the case, and cannot be removed until the court determines whether it is exempt property. When such a determination has been made, the exemption removal would likewise be effective as of the commencement of the case.

■ Contrary to the position urged in behalf of the Debtor(s), the conclusion is inescapable that the motor vehicle disposed of prior to the § 341 meeting was property of the estate and subject to surrender to the Trustee. The case precedents cited which antedate the enactment of the Bankruptcy Code on November 6, 1978, repealing Section 70 of the Bankruptcy Act and overruling *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903) and *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), are no longer pertinent.

The defalcations in duties by the Debtor, nevertheless, do not necessarily constitute a "waiver" of an allowable exemption existing on the date of the commencement of the case. There is no evidence of record to attribute bad faith, fraudulent conduct, or an attempt to withhold estate property from the Trustee, distinguishing the facts from prior decisions of this Court such as in *Matter of Howard, (1980),* 6 B.R. 220, 6 B.C.D. 1011.

There is no doubt that the court would have set off as exempt a motor vehicle, not to exceed the allowance of $1,000.00. Inasmuch as permitting the Debtor to withdraw such an exemption would be retroactive to the date of filing, the only problem confronting the Trustee is the value of the vehicle claimed as exempt. The Trustee represented that his investigation would indicate the vehicle to be worth $1,425.00, although he was prevented from taking possession, or even inspecting the property. The Debtor represented his valuation was less than $1,000.00.

It is the conclusion of the court that, even though the claimed exemption cannot be deemed waived by the improper disposition by the Debtor, the burden of proof lies with Debtor to establish by competent evidence to the satisfaction of the Trustee he does not owe the sum of $425.00 to the estate.

The claim of exemption in the motor vehicle purchased after the bankruptcy case filing is irrelevant to the instant issues because the vehicle is not a part of the estate and non-exempt property cannot be changed to exempt property after the commencement of the case. See *Matter of Blue, (1980),* 5 B.R. 723, 3 C.B.C.2d 4.