820 F.2d 1553
 In re Joseph F. CREVIER; Diana B. Crevier, Debtors.
Joseph F. CREVIER and Diana B. Crevier, Plaintiffs-Appellees,
v
WELFARE & PENSION FUND FOR LOCAL 701, Mid-Jersey Trucking
Industry, Defendant- Appellant.
 No. 86-6481
 United States Court of Appeals, Ninth Circuit
 Argued and Submitted June 5, 1987.
 Decided July 9, 1987.
 
 Donald W. Sieveke, Santa Ana, Cal., for plaintiffs-appellees.
 Joel P. Schiff, Los Angeles, Cal., for defendant-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before HUG and WIGGINS, Circuit Judges, and CROCKER,* District judge.
 WIGGINS, Circuit Judge:
 
 
 1
 After Joseph and Diana Crevier (Creviers) filed a petition in bankruptcy, they secured a loan by conveying a trust deed on estate property without the trustee's or bankruptcy court's consent. They subsequently brought this action in the bankruptcy court under the Truth in Lending Act (TILA), 15 U.S.C. Secs. 1601-1646, to rescind the trust deed and loan. The bankruptcy court held the Creviers lacked standing under TILA. The district court reversed. We reverse and reinstate the bankruptcy court judgment on the ground that a Chapter 7 debtor who conveys an unauthorized lien on estate property fails to state a TILA claim for rescission of the lien.
 
 BACKGROUND
 
 2
 In 1980, the Creviers petitioned for Chapter 11 bankruptcy to prevent Mercury Savings and Loan Association (Mercury) from foreclosing on their residence (the Property). In 1982, the bankruptcy court converted the proceeding to Chapter 7. The Creviers later waived their right to have their debts discharged in the bankruptcy proceeding under 11 U.S.C. Sec. 727.
 
 
 3
 In 1983, the bankruptcy court lifted the automatic stay of judicial proceedings under 11 U.S.C. Sec. 362 to permit Mercury to foreclose on the Property. Without the permission of the bankruptcy trustee or the court, the Creviers obtained a one-million dollar loan from OMNI Funding Group (OMNI) in exchange for a note secured by a deed of trust on the Property in favor of OMNI. The Creviers used most of the loan proceeds to satisfy Mercury's and other creditors' liens on the Property. OMNI assigned the Creviers' note and deed of trust to the defendant, Welfare and Pension Fund for the Mid-Jersey Trucking Industry, Local 701 (Fund). Upon learning of the loan, the trustee sued OMNI to avoid the trust deed under 11 U.S.C. Sec. 549, alleging that the Property belonged to the estate and that the transfer of the trust deed was therefore an unauthorized post-petition transfer.
 
 
 4
 The trustee later applied to the bankruptcy court to authorize a compromise of the action, with OMNI paying the estate $50,000 in exchange for the trustee ratifying OMNI's trust deed. The Creviers objected to the proposed compromise. They claimed to have earlier rescinded OMNI's trust deed on the ground that OMNI violated TILA by, among other things, failing to provide a required three-day notice of their right to rescind. The bankruptcy court approved the compromise with the caveat that "this Order is without prejudice to the rights, if any, of [the Creviers], including the right of rescission, which [they] may possess pertaining to any alleged [TILA] violations in connection with the loan made by OMNI...."
 
 
 5
 The Creviers sued the Fund in the district court under TILA for rescission of the trust deed and note. The court referred the action to the bankruptcy court on the grounds that the Creviers failed to state a claim under TILA and lacked standing. The bankruptcy court dismissed the action with prejudice, finding (1) any TILA claim belonged to the estate, (2) the trustee settled the claim by ratifying the lien transfer, and (3) therefore the Creviers lacked standing under TILA. The Creviers appealed and the district court reversed on the grounds that the Creviers had standing and were the real parties in interest to assert the TILA claim. On appeal to this court, the Fund argues that the Creviers lack standing and fail to state a TILA claim.
 
 
 6
 While the appeal was pending, the trustee determined that the Fund's trust deed rendered the Property worthless to the estate and abandoned the Property to the Creviers.ANALYSIS
 
 I. APPEALABILITY
 
 7
 We must determine on our own motion whether we have appellate jurisdiction. Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374, 1377 (9th Cir.1985). The district court has jurisdiction to review appeals from final bankruptcy court orders. 28 U.S.C. Sec. 158*a). We have jurisdiction of appeals from final orders of the district court reviewing final bankruptcy court orders. Id. Sec. 158(d). The bankruptcy court judgment was a dismissal of the Creviers' TILA claims with prejudice and consequently was final. See King v. Stanton (In re Stanton), 766 F.2d 1283, 1286 (9th Cir.1985).
 
 
 8
 Although the district court's remand of the TILA action to the bankruptcy court for trial was not final, a non-final order of a district court reviewing a final order of a bankruptcy court is appealable, Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.), 754 F.2d 811, 814-15 (9th Cir.1985), unless the intermediate court remands for factual development, In re Stanton, 766 F.2d at 1287-88. Here, we are merely presented with the legal issues of standing and failure to state a claim under TILA. For the purpose of review, the facts in the complaint are admitted as true. No factual issues are pending that would impede our review of these issues
 
 II. STANDING
 
 9
 Because we are in as good a position as the district court to review the bankruptcy court's decision, we review it independently. Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986). Standing is a question of law which we review de novo. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985).
 
 
 10
 The doctrine of standing contains constitutional and prudential aspects. Fors v. Lehman, 741 F.2d 1130, 1132 (9th Cir.1984). To satisfy the constitutional requirement, a plaintiff must allege a distinct personal injury that is traceable to the defendant and is redressable. Id. The district court correctly held that the Creviers had constitutional standing. They waived their right to discharge of their obligations under 11 U.S.C. Sec. 727 and remained liable for their debts not satisfied at the closing of the estate. Because they therefore have a direct financial interest in obtaining rescission of the Fund's note and trust deed, they have constitutional standing to assert the rescission claim. See Abel v. Campbell, 334 F.2d 339, 341 (5th Cir.1964) (bankrupt debtor had standing to attack claim that might survive adjudication in bankruptcy).
 
 
 11
 The bankruptcy court, however, held that the Creviers lacked standing under TILA to rescind the trust deed because the Property belonged to the estate--not to the Creviers--at the time of the transaction. This analysis reflects the judicially imposed prudential rule of standing that bars a litigant from asserting the rights of others. See Fors, 741 F.2d at 1133. Rather than rely on standing, however, we prefer to treat the dismissal as one for failure to state a claim under TILA. Whether litigants are the proper parties to assert a claim depends on whether the statute confers upon them a claim; if they fail to state a claim, by definition they lack statutory standing. See Cell Assocs. v. National Insts. of Health, 579 F.2d 1155, 1157 (9th Cir.1978) (since Privacy Act creates claim for relief only in favor of "individuals," corporation lacks standing to assert claim). We are not bound by the bankruptcy court's reliance on standing and may affirm its correct judgment on an alternative ground. Bank of New Richmond v. Production Credit Ass'n (In re Osborne), 42 B.R. 988, 997, (W.D.Wis.1984) (bankruptcy court's correct judgment may be affirmed on alternative grounds); cf. Alcaraz v. Block, 746 F.2d 593, 602 (9th Cir.1984) (district court's correct legal result may be affirmed on alternative grounds).
 
 
 12
 III. FAILURE TO STATE A TRUTH IN LENDING ACT CLAIM
 
 
 13
 We review de novo a dismissal for failure to state a claim. Rae v. Union Bank, 725 F.2d 478, 479 (9th Cir.1984). A motion to dismiss should not be granted unless it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Id.
 
 
 14
 The Fund argues that the Creviers' transfer of a trust deed on the Property is not covered by TILA because the Creviers did not own the Property at the time of the transfer. We agree.
 
 
 15
 The Truth in Lending Act provides that in any "consumer credit transaction"[1] "in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended," the consumer has the right to rescind the loan three days after the later of the date of the transaction or the date the lender delivers notice of the consumer's TILA rights. 15 U.S.C. Sec. 1635(a). The implementing regulation, issued by the Board of Governors of the Federal Reserve Board under 15 U.S.C. Sec. 1607(d), clarifies the scope of the consumer's right to rescind:
 
 
 16
 In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.
 
 
 17
 12 C.F.F. Sec. 226.23(a)(1). Under 15 U.S.C. Sec. 1635, consumers have the right to rescind a security interest in property which is their principal dwelling only if they possess an ownership interest in the dwelling and thus have the right to convey the security interest.[2]
 
 
 18
 The Creviers contend that their ownership of an interest in the property on which they conveyed a security interest is not necessary to bring the transaction within the confines of TILA. They argue that it is only necessary that they used the property as their principal dwelling. We disagree. Section 1635 has an implicit ownership requirement. It grants a consumer the right to rescind only if a security interest "is or will be retained" in the dwelling. Congress was certainly aware that a debtor cannot convey a security interest in property owned by a third person. See, e.g., Hodge v. Norton, 133 Cal. 99, 65 P. 123 (1901). Further, 12 C.F.R. Sec. 226.23(a)(1) makes the ownership requirement express.
 
 
 19
 At the commencement of the Chapter 7 proceeding, the Property passed by operation of law to the Chapter 7 estate. 11 U.S.C. Sec. 541(a)(1) (with some exceptions, the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case"); see Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707-09 (9th Cir.1986) (debtor's pre-petition emotional distress claim belongs to estate). The trustee has the power to avoid any transfer of an interest in estate property without the trustee's or court's consent, except in favor of a bona fide purchaser for value. 11 U.S.C. Sec. 549(a), (c). Accordingly, upon the Property passing to the control of the estate, the Creviers were divested of ownership rights in the Property and had no right to transfer a security interest in it.[3]
 
 
 20
 The Creviers raise several arguments against this conclusion. First, they argue that they kept title to the Property and hence ownership. They rely on the fact that the Bankruptcy Code of 1978 (Code) eliminated the concept under prior law of vesting of title to the debtor's property in the trustee. See generally 4 Collier on Bankruptcy p 541.02 (L. King 15th ed.1987). This argument is without merit. While the Code abandoned the use of semantic niceties such as "title" or "vesting" in the trustee, it reinforced the concept of transfer of ownership to the estate--the trustee takes control of the use and disposition of all the property of the estate as defined under 11 U.S.C. Sec. 541. Butz v. Blue (In re Blue), 5 B.R. 723, 725 (Bankr.S.D. Ohio 1980); see H.R.Rep. 595, 95th Cong., 2d Sess. 175 reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 6136 (Code abolishes reliance on "complicated melange of references to State law" and determines the estate property "by a simple reference to what interests in property the debtor has at the commencement of the case").
 
 
 21
 Second, the Creviers argue that since all property not administered by the trustee is abandoned to the debtor upon the completion of the Chapter 7 case, 11 U.S.C. Sec. 554(c), they had a species of reversionary interest in the Property. Thus, they argue, they ahd an "ownership interest [that] is or will be subject to the security interest" as required under 12 C.F.R. Sec. 226.23(a)(1). Even assuming that the Creviers had some reversionary interest, they had no right to convey a trust deed secured not by the reversionary interest, but rather by the estate's interest in the Property.
 
 
 22
 Finally, the Creviers maintain that they had the right to encumber the Property because 11 U.S.C. Sec. 549 renders their transfer of the trust deed voidable, not void, and the trustee later ratified the transaction. The trustee's ratification of the deed, however, did nto retroactively confer upon the Creviers the right to transfer it. Instead, the trustee adopted the trust deed as his own, exacting a $50,000 settlement from OMNI to do so.
 
 
 23
 Because the Creviers attempted to convey, as security for the loan, estate property which they did not own and had no right to convey, the loan is not a transaction secured by their property interest in their residence as required under TILA. Thus, the Creviers fail to state a claim under
 
 
 24
 TILA for rescission of the loan and deed of trust.[4]
 
 CONCLUSION
 
 25
 We REVERSE the district court order and REINSTATE the bankruptcy court's decision dismissing the Creviers' TILA claim.
 
 
 
 *
 Honorable M.D. Crocker, Senior United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 A consumer credit transaction is one in which the debtor is a natural person and the funds extended on credit "are primarily for personal, family, or household purposes." 15 U.S.C. Sec. 1602(h)
 
 
 [2]
 If a consumer loan exceeding $25,000 is not secured by the consumer's interest in his or her residence, the loan is exempt from TILA. 15 U.S.C. Sec. 1603
 
 
 [3]
 It is undisputed that the trustee had not abandoned the Property to the Creviers at the time of the loan. The bankruptcy court earlier affirmed that the Property belonged to the estate at that time. The Creviers do not contest this conclusion here
 
 
 [4]
 Nor did the Creviers acquire any TILA rescission rights from the trustee when the trustee abandoned the Property to the Creviers. The trustee extinguished any right to rescind he might have had under TILA by ratifying OMNI's trust deed in settlement of his action to avoid the lien