**Terrence DICKINSON, Plaintiff–Appellant,**

v.

**OCWEN LOAN SERVICING, LLC; et al., Defendants–Appellees,**

and

**Delta Funding Corporation; et al., Defendants.**

No. 08–16945.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Terrence Dickenson, Las Vegas, NV, pro se.

Jeffrey S. Allison, Esquire, Houser & Allison, Irvine, CA, Stephanie Cooper Herdman, The Cooper Castle Law Firm, LLP, Las Vegas, NV, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Terrence Dickinson appeals pro se from the district court's judgment dismissing his

<hr>

* *The panel unanimously finds this case suitable for decision without oral argument. See* Fed. R.App. P. 34(a)(2).

** *This disposition is not appropriate for publication and is not precedent except as provid-*

action alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Crevier v. Welfare & Pension Fund for Local 701 (In re Crevier)*, 820 F.2d 1553, 1555 (9th Cir.1987). We vacate and remand for further proceedings.

During the July 21, 2008 hearing on Dickinson's motion for relief from the order dismissing his action, the district court stated that, because Dickinson may have a valid claim under the Truth in Lending Act, the dismissal of his action would be without prejudice. Shortly thereafter, and without further explanation, the district court issued its judgment, dismissing Dickinson's action with prejudice. Because it is not clear that the judgment reflects the intent of the district court, we vacate the judgment and remand to the district court for clarification.

In light of this disposition, we do not consider Dickinson's remaining contentions.

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.