**In re VICTORIA STATION
INCORPORATED, and its
Subsidiaries.**

**Robert E. TURGEON, Successor
Trustee, Appellant,**

**v.**

**VICTORIA STATION
INCORPORATED,
Appellee.**

**No. 87–1619.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1988.

Decided Feb. 24, 1988.

Thomas C. Holman and Barbara J. Kramer, Pettit & Martin, San Francisco, Cal., for appellant.

Richard Levin, Stutman, Treister & Glatt, Los Angeles, Cal., for appellee.

Before GOODWIN, FARRIS and NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Turgeon, trustee, appeals from the Bankruptcy Appellate Panel's order, 69 B.R. 110 (D.Cal.1986), reversing the bankruptcy court's final order which denied Victoria Station's motion to assume a nonresidential lease as untimely. The Bankruptcy Appellate Panel determined that the service of the motion on the last date permitted for assumption, followed by a timely filing of the motion with the bankruptcy court, satisfied the requirements for assumption of the lease. We affirm.

Victoria Station, Inc. and its subsidiaries (collectively referred to as Debtor) filed voluntary petitions in the bankruptcy court for the Northern District of California under Chapter 11 of the Bankruptcy Code on May 20, 1986. Concurrently therewith, the Debtor filed a joint plan of reorganization. On May 28, 1986, the Debtor filed a motion to extend the time to assume or reject certain enumerated leases until the time of plan confirmation. However, in its motion, the Debtor failed to include an unexpired lease of nonresidential real property located in Kansas City, Missouri.

Saturday, July 19, 1986, was the sixtieth day after the order for relief was entered in this case. On Monday, July 21, 1986, the Debtor served by mail its "Notice of Third Motion and Third Motion To Assume And Assign Real Property Leases; Memorandum of Points and Authorities." In the motion, the Debtor asked the bankruptcy court to approve assumption and assignment of certain leases, including the lease between Debtor and lessor, Robert Turgeon, as trustee of an express trust. The motion was received by and filed with the bankruptcy court three days later, on July 24, 1986.

On October 6, 1986, the bankruptcy court entered its order denying the motion in part and ruling that the lease was rejected by operation of 11 U.S.C. § 365(d)(4) (1982 & Supp. II 1984). The bankruptcy court also ruled that the Debtor had failed to establish a waiver on the part of the lessor.

The Bankruptcy Appellate Panel (BAP) reversed, holding that the lease had not been automatically rejected. Because the BAP held that the Debtor had satisfied the timing requirements of section 365(d)(4), it did not reach the questions whether waiver or other equitable principles could alter the effect of section 365(d)(4) and whether the Debtor had established a waiver or a basis for other equitable principles to vary the effect of section 365(d)(4).

I.  Appealability

We have jurisdiction over final orders, judgments and decrees of the BAP. In bankruptcy proceedings, the rules of finality developed under the general grant of appellate jurisdiction provided in 28 U.S.C. § 1291 (1982) are given a flexible reading. *Mason v. Integrity Ins. Co. (In re Mason),* 709 F.2d 1313, 1318 (9th Cir.1983). *See generally,* R. Levin, *Bankruptcy Appeals,* 58 N.C.L.Rev. 967, 985 & n. 140 (1980). In determining whether an order of the BAP is final, we acknowledge that "certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to them should be appealable as of right." *In re Mason,* 709 F.2d at 1317. Bankruptcy orders that determine and seriously affect substantive rights may cause irreparable harm to the losing party if a party must wait sometimes years until the end of the bankruptcy administration before taking an appeal. *United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.),* 833 F.2d 797, 801 (9th Cir.1987). Therefore, bankruptcy orders that resolve and seriously affect substantive rights require immediate review provided that the challenged order

finally determined the discrete issue to which it was addressed. *See Four Seas Center, Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.),* 754 F.2d 1416, 1418 (9th Cir.1985).

Moreover, a decision of the BAP which either affirms or reverses a final order of the bankruptcy court is itself final. *King v. Stanton (In re Stanton),* 766 F.2d 1283, 1287 (9th Cir.1985); *Caravansary, Inc. v. Passanisi (In re Caravansary, Inc.),* 821 F.2d 1413, 1414 (9th Cir.1987). The BAP's affirmance or reversal of a bankruptcy court's final order presumably means that it has determined that all necessary fact-findings have been made. *In re Stanton,* 766 F.2d at 1287. However, this court has no jurisdiction where the BAP or intermediate court remands for factual development. *Id.; see Crevier v. Welfare & Pension Fund for Local 701 (In re Crevier),* 820 F.2d 1553, 1555 (9th Cir.1987). "[I]f the BAP remands for factual development and we take jurisdiction before that process is concluded, we interfere with the bankruptcy court's fact-finding role." *In re Stanton,* 766 F.2d at 1287.

As the order of the BAP finally determined the discrete issue whether the debtor's motion to assume was timely under 11 U.S.C. § 365(d)(1) and (d)(4) (1982 & Supp. II 1984) and involved no further factual development, we may properly exercise jurisdiction.

## II. Timeliness of motion to assume

Unless a lease of nonresidential real property is assumed within sixty days from the order of relief, the lease is deemed rejected. 11 U.S.C. § 365(d)(4) (1982 & Supp. II 1984). The Debtor's Chapter 11 case constituted an order of relief. 11 U.S.C. § 301 (1982). Sixty days from the order of relief fell on July 19, 1986, a Saturday.

Bankruptcy Rule 9006(a) provides, in pertinent part, that when computing any period of time prescribed by any applicable statute, if the last day falls on a Saturday, the period runs to the end of the next day that is not a Sunday or legal holiday. Under this rule, the Debtor had until Monday, July 21, 1986 to make and serve its motion

to assume the lease. Moreover, a motion is deemed "made" when served on the opposing party. *In re Sonoma V,* 703 F.2d 429, 431 (9th Cir.1983) (per curiam). Upon mailing, service is completed, Bankruptcy Rule 9006(e); filing a motion three days later was timely. *Claybrook Drilling Company v. Divanco, Inc.,* 336 F.2d 697, 700 (10th Cir.1964) (four days between service and filing with Court was held timely). Hence, Debtor's motion was timely filed for the purposes of section 365(d)(4).

## III. Timeliness of court approval of assumption

Construction of section 365(d)(4) has divided the bankruptcy courts. *Southwest Aircraft Services, Inc. v. City of Long Beach (In re Southwest Aircraft Services, Inc.),* 831 F.2d 848, 849–50 (9th Cir.1987). We have construed section 365(d)(4) in this circuit and have held that a proper interpretation of section 365(d)(4) supports the conclusion that there is no express limit to the time within which the bankruptcy court must hear and decide the motion to assume where the trustee, or debtor as in this case, timely files. *Id.* at 850–53.

Finally, because bankruptcy courts are courts of equity, they are compelled to disfavor a lease forfeiture that would imperil the debtor's reorganization and impede rehabilitative goals. *In re Musikahn Corp.,* 57 B.R. 938, 939 (E.D.N.Y.1986). Bankruptcy courts would be saddled with *pro forma* motions for extension filed before the trustee could make a reasoned decision whether an extension is necessary. *Id.* at 942. Premature filing is also inconsistent with the Congressional intent underlying section 365(d)(4). *See also 2 Collier on Bankruptcy* ¶ 365.03[2] at 365–31 (15th ed. 1985). Thus, we conclude that the imposition of the 60–day period should be read as a time limit upon the trustee or debtor rather than upon the bankruptcy court.

As the Debtor's motion to assume was timely filed and as the court is not restricted by section 365(d)(4) in deciding whether to grant or deny the motion to assume, it is

not necessary for us to consider whether waiver or other equitable remedies affect the operation of that statute. We affirm the BAP's reversal of the bankruptcy court's order denying the Debtor's motion to assume.

AFFIRMED.