868 F.2d 1077
 20 Collier Bankr.Cas.2d 1269, 13 Fed.R.Serv.3d 353,
18 Bankr.Ct.Dec. 1524, Bankr. L. Rep. P 72,696
 SEA HARVEST CORPORATION; Clam Shacks of America, Debtors in
Possession-Appellants,
v.
RIVIERA LAND COMPANY; Hit 'N' Miss Gun Club, Appellee in
District Court-Appellee.
 No. 87-4092.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 4, 1988.
Decided Feb. 28, 1989.
 
 J. Anthony Hoare, Seattle, Wash., for appellants.
 Jeffrey C. Wishko, LeSourd & Patten, P.S., Seattle, Wash., for appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before BROWNING, WALLACE and BRUNETTI, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 The debtors in possession of certain leases appeal from the district court's affirmance of a bankruptcy court order which denied their assumption of the leases for failure to satisfy the requirements of 11 U.S.C. Sec. 365(d)(4). Riviera Land Company (Riviera), one of the lessors, seeks double costs and attorney's fees. The district court had jurisdiction of the appeals from the bankruptcy court under 28 U.S.C. Sec. 158(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We affirm the district court's order concerning the leases, and we deny the motion for double costs and fees.
 
 
 2
 * Sea Harvest Corporation (Sea Harvest) and Clam Shacks of America, Inc. (Clam Shacks) (together Debtors) are related entities with respect to ownership, officers, and directors. They are involved in the managed harvesting and sale of eastern soft shell clams. Their separate appeals from the bankruptcy court pertain to separate leases, but involve the same factual background. The district court, therefore, consolidated the appeals and treated them similarly.
 
 
 3
 On August 27, 1986, Debtors voluntarily filed for Chapter 11 reorganization in the bankruptcy court for the Western District of Washington. On October 27, 1986, Debtors filed documents entitled "Affirmation and Assumption of Executory Contracts" which listed leases of tidelands including one from Riviera to Sea Harvest and one from the Hit-N-Miss Gun Club to Clam Shacks. Riviera moved the bankruptcy court for an order declaring that the lease had been rejected. Debtors moved for orders approving the continuation of the leases. The bankruptcy court heard argument on these motions and ruled that the leases had been rejected; Debtors' motions were denied. The district court affirmed the orders of the bankruptcy court. This appeal timely followed.
 
 II
 
 4
 An order which finally determines whether a debtor's motion to assume a lease was timely under 11 U.S.C. Secs. 365(d)(1) and (d)(4) is appealable. In re Victoria Station, Inc., 840 F.2d 682, 684 (9th Cir.1988) (Victoria Station ). We review the district court's decision independently. In re Woodson Co., 813 F.2d 266, 270 (9th Cir.1987). We review the bankruptcy court's findings of fact for clear error, and its conclusions of law independently. In re Moreggia & Sons, Inc., 852 F.2d 1179, 1181 (9th Cir.1988) (Moreggia ).
 
 
 5
 Before 1984, debtors in possession undergoing Chapter 11 reorganization had no fixed deadline for assuming or rejecting unexpired nonresidential leases. In re Southwest Aircraft Services, Inc., 831 F.2d 848, 850 (9th Cir.1987) (Southwest Aircraft), cert. denied, --- U.S. ----, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). A 1984 amendment required a debtor in possession or trustee to perform all lease obligations of non-residential real property while deciding whether to assume. 11 U.S.C. Sec. 365(d)(3); Southwest Aircraft, 831 F.2d at 850-51. This legislation also established a 60-day deadline for assuming or rejecting, although a debtor could petition the court for an extension of time. 11 U.S.C. Sec. 365(d)(4); Southwest Aircraft, 831 F.2d at 850-51. If a debtor fails to act before the deadline, the lease is deemed rejected and the debtor must immediately surrender the leased property to the lessor. 11 U.S.C. Sec. 365(d)(4). The debtor's decision to assume is not a unilateral decision, but rather, is subject to the court's approval. 11 U.S.C. Sec. 365(a); In re Harris Management Co., Inc., 791 F.2d 1412, 1414-15 (9th Cir.1986).
 
 
 6
 The purpose of this legislation was to protect lessors (particularly shopping center operators) from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases. Moreggia, 852 F.2d at 1185. The legislation also protects the bankrupt estate from unexpected liability through a statutory presumption of rejection unless the trustee or debtor in possession acts affirmatively to bring an unexpired lease into the estate. Id.
 
 
 7
 Debtors' petition for Chapter 11 bankruptcy, filed on August 27, 1986, constituted relief under 11 U.S.C. Sec. 301 and so commenced the 60-day period. 11 U.S.C. Sec. 365(d)(4); Victoria Station, 840 F.2d at 684. This period expired on October 26, 1986, a Sunday, but pursuant to Bankruptcy Rule 9006(a), Debtors had until the following Monday, October 27, 1986, to assume the lease. See Victoria Station, 840 F.2d at 684.
 
 
 8
 Bankruptcy Rule 6006(a) provides that a proceeding to assume or reject a lease is governed by Bankruptcy Rule 9014. Rule 9014 states that relief shall be requested by motion, with reasonable notice and opportunity for a hearing afforded to the opposing party. A motion must "state with particularity the grounds therefor, and ... set forth the relief or order sought." Bankruptcy Rule 9013. Rule 9013 also specifies that every written motion (except those which may be considered ex parte) must be served on the trustee or the debtor in possession and on any entities specified by the Bankruptcy Rules. Id. Thus, these rules plainly specify that a debtor in possession must file a formal motion and provide reasonable notice and an opportunity for a hearing to the opposing party.
 
 
 9
 The documents entitled "Affirmation and Assumption of Executory Contracts" filed by Debtors did not constitute formal motions. These documents did not move the court to do anything; they simply informed the court of the Debtors' intentions. The documents were not even entitled motions. Nor did these documents state any grounds for the assumption, let alone state grounds with particularity.
 
 
 10
 In addition, they did not provide the lessors any notice or opportunity for a hearing. Debtors made no attempt to serve the lessors. The mere filing of these documents was not sufficient to assume the leases under 11 U.S.C. Sec. 365(d)(4). We share the view of the district court, expressed in these proceedings, that "[s]trict compliance with these requirements avoids ad hoc inquiries into the meaning of the debtors' words and actions. Anything short of this standard risks uncertainty, which is exactly what Section 365(d)(4) was designed to remedy."
 
 
 11
 Moreover, the document filed by Sea Harvest did not comply with 11 U.S.C. Sec. 365(b)(1). Where there has been a default in an unexpired lease, a debtor in possession may not assume the lease unless it (A) cures or provides adequate assurance that it will promptly cure the default; (B) compensates or provides adequate assurance that it will promptly compensate other parties to the lease for pecuniary losses; and (C) provides adequate assurance of future performance under the lease. 11 U.S.C. Sec. 365(b)(1); In re Windmill Farms, Inc., 841 F.2d 1467, 1473 (9th Cir.1988). At the time it filed its "Affirmation and Assumption of Executory Contracts," Sea Harvest was substantially in default on its annual rent payments. Yet the extent of Sea Harvest's compliance with section 365(b)(1) was reflected in a paragraph alleging, "The undersigned Petitioner recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto as the same arise." Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1).
 
 
 12
 Debtors argue that section 365 does not clearly specify the methods a debtor must follow to assume a lease, and that the filing of the "Affirmation and Assumption of Executory Contracts" constituted a clear, unequivocal, unambiguous formal act of assumption which complied with 11 U.S.C. Sec. 365(d)(4). We conclude, however, that Debtors failed to file a proper motion within the 60-day period. We have previously held that a motion filed within the 60 days will satisfy the section 365(d)(4) requirement. Victoria Station, 840 F.2d at 684. We now hold that for a document to qualify, it must fit the definition of a motion under the Bankruptcy Rules to satisfy section 365(d)(4).
 
 
 13
 Nor did the bankruptcy judge err in rejecting Debtors' contention that the equitable powers of bankruptcy courts warrant a different interpretation of section 365(d)(4). Debtors cite no case which requires us to accept this broad proposition. Although 11 U.S.C. Sec. 105(a) allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," this statute does not empower courts to issue orders that defeat rather than carry out explicit provisions of the Bankruptcy Code such as section 365(d)(4). Debtors cite just one case holding that bankruptcy courts "may resort to equitable principles in considering enforcement of [Sec. 365(d)(4) ]." In re Curio Shoppes, Inc., 55 B.R. 148, 153 (Bankr.D.Conn.1985). In that case, the debtor had mailed a proper motion to assume on the sixtieth day, but missed the court's filing deadline. Id. at 152. The court observed that the situation before it did not present the type of problem that section 365(d)(4) was designed to prevent. Id. at 153-54. Even if we agreed with this bankruptcy court, the situation before us is different from that in Curio Shoppes. Debtors failed to file a proper motion and made no effort to serve notice on the lessors. Moreover, Sea Harvest failed to give proper financial assurances.
 
 
 14
 Debtors suggest that even if the leases were properly "deemed rejected" under section 365(d)(4), this is not the same as termination of the lease. To hold otherwise, they argue, would deprive the bankruptcy court of its power under section 365(a) to approve the decision to assume or reject, in that a debtor in possession could passively reject a lease regardless of court approval. A cursory examination of section 365 immediately reveals that this argument lacks merit. Section 365(a) applies, by its terms, "[e]xcept as provided ... in subsection[ ] ... (d) of this section," so any conflict between section 365(a) and section 365(d)(4) must be resolved in favor of the latter. Congress considered court approval of the decision to reject under section 365(a) less important than the presumption of rejection under section 365(d)(4) if the debtor in possession or trustee fails to act in 60 days.
 
 
 15
 Moreover, after a lease is deemed rejected under section 365(d)(4), the trustee or debtor in possession must "immediately surrender" the leased property to the lessor. 11 U.S.C. Sec. 365(d)(4). Surrender of property, whether its use is for a retail store in a mall or a clam harvesting operation in the tidelands, has the effect of terminating the enterprise that operates there. If Congress intended passive rejection of a lease to be subject to court approval, it would not have required the drastic step of immediate surrender.
 
 III
 
 16
 We may award attorneys' fees and double costs if the appeal is frivolous. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Taylor v. Sentry Life Insurance Co., 729 F.2d 652, 656 (9th Cir.1984) (per curiam) (Taylor ). Attorneys' fees and double costs may properly be awarded when the appeal represents " 'a knee-jerk reaction to every unfavorable ruling' " or is not based upon a carefully considered decision by client and counsel. Libby, McNeill, and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir.1978), quoting Simon & Flynn, Inc. v. Time Inc., 513 F.2d 832, 835 (2d Cir.1975) (per curiam).
 
 
 17
 Under Rule 38, "[c]ourts have typically awarded ... sanctions [for bringing frivolous appeals] in two types of cases: (1) when the appeal was wholly without merit or the result was obvious, and (2) when the appeal was not only frivolous but also taken in bad faith for purposes of delay or harassment." In re Transcontinental Energy Corp., 764 F.2d 1296, 1300 (9th Cir.1985), quoting Oliver v. Mercy Medical Center, Inc., 695 F.2d 379, 382 (9th Cir.1982) (citations omitted); see also Taylor, 729 F.2d at 656 (appeal is frivolous under 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38 when result is obvious or appellant's arguments are wholly without merit).
 
 
 18
 Riviera asserts that Sea Harvest's repeated appeals have merely delayed the finality of a decision concerning its lease, while Riviera has been forced to "expend considerable time and resources in order to respond to these baseless appeals." Moreover, Riviera contends that Sea Harvest's arguments have no support in the Bankruptcy Code or case law, and that this appeal is yet one more "knee-jerk reaction" to an unfavorable ruling.
 
 
 19
 Sea Harvest responds that its appeal is not in bad faith. Sea Harvest asserts that Riviera has not been the victim of delay or harassment; in fact, Riviera has been in possession of the leaseholds ever since the bankruptcy court's decision. Sea Harvest contends that despite the weight of nonbinding authority to the contrary, its arguments were not without merit, nor was the result in this case of first impression obvious. Moreover, this appeal, it argues, concerns not a minor unfavorable ruling but the final disposition of leaseholds for a unique commodity central to Sea Harvest's business and its hopes for reorganization.
 
 
 20
 We conclude that an award of attorneys' fees and double costs is not justified, although this appeal comes close to being frivolous. The statutory provisions involved here are reasonably specific and unambiguous, but the Ninth Circuit has not previously addressed the question of what a filing must include to constitute an adequate motion for purposes of 11 U.S.C. Sec. 365(d)(4). Sea Harvest's argument that "deemed rejected" does not constitute "terminated" is wholly without merit and contrary to the plain language of 11 U.S.C. Sec. 365. In the context of Sea Harvest's overall appeal, however, the weakness of this argument does not warrant sanctions.
 
 
 21
 The judgment of the district court is AFFIRMED; the motion for attorneys' fees and double costs is DENIED.