977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INNSBRUCK LIQUIDATING CORPORATION, etc., Plaintiff-Appellee,
v.
PIZZA TIME THEATRE INC., etc.; Max Mogul, et al.; Compass
Management, Inc., Defendants-Appellants.
 No. 90-16712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug 19, 1992.
Decided Oct. 2, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Innsbruck Liquidating Corporation ("Innsbruck"), the debtor-in-possession of bankrupt Pizza Time Theatre ("Pizza Time"), initiated an adversary complaint under 11 U.S.C. § 542(a) to recover money and personal property from Max Mogul, Pizza Time Theatre of Orlando ("Orlando") and Compass Management ("Compass"). The bankruptcy court entered a default judgment against Orlando and summary judgment against Compass and Mogul. We have jurisdiction under 28 U.S.C. § 158(d). We affirm the decision of the district court, which affirmed the bankruptcy court.
 
 DISCUSSION
 
 4
 We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. In re Computer Communications, Inc., 824 F.2d 725, 728 (9th Cir.1987). We review a grant of summary judgment de novo. In re Kouboulis, 869 F.2d 1319, 1321 (9th Cir.1989). Summary judgment may be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 A. Summary Judgment: Compass
 1. Undisputed Evidence
 
 5
 Compass argues the bankruptcy court erred in requiring it to pay damages of $302,905 because, under NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984) (Bildisco ), Innsbruck voluntarily complied with the terms of a March 9, 1984 agreement with Orlando. Under that agreement, Innsbruck remained in possession of Compass' property and continued to operate its restaurant on those premises from the time it filed its petition in bankruptcy until September 16, 1984. Under the March 9 agreement, Orlando retained Innsbruck's rent for the premises plus 2% of its gross sales and paid this money over to Compass.
 
 
 6
 We reject Compass' argument. Debtors cannot bind their bankrupt estates to pre-petition executory contracts and leases. "Because executory contracts and leases involve future liabilities as well as rights, ... an affirmative act of assumption by the trustee is required to bring the property into the estate in order to ensure that the estate is not charged with the liabilities except upon due deliberation." Cheadle v. Appleatchee Riders Ass'n (In re Lovitt), 757 F.2d 1035, 1041 (9th Cir.), cert. denied, 474 U.S. 849 (1985). "The debtor's decision to assume is not a unilateral decision, but rather, is subject to the court's approval." Sea Harvest Corp. v. Riviera Land Co., 868 F.2d 1077, 1079 (9th Cir.1989); see also 11 U.S.C. § 365(a) (the trustee, with the approval of the court, is entitled to assume or reject executory contracts of the debtor).
 
 
 7
 The March 9 agreement constituted an executory contract because "performance remain[ed] due to some extent on both sides." See Bildisco, 465 U.S. at 522 n. 6. Whether or not Innsbruck assumed the March 9 agreement, an issue we need not decide, it is uncontested that the bankruptcy court failed to authorize the assumption of that agreement. In the absence of a court order authorizing an assumption, the payment of Innsbruck's money from the operation of its restaurant to Compass, after Innsbruck had filed for bankruptcy, was improper and subject to turnover as property of the estate. See Sea Harvest Corp., 868 F.2d at 1079; Bildisco, 465 U.S. at 529.
 
 
 8
 Compass contends the order requiring it to deliver restaurant equipment is invalid because there are disputed factual issues as to whether it is entitled to store that property in accordance with the terms of the March 9 agreement. We reject this contention because the March 9 agreement was never authorized by the bankruptcy court.
 
 
 9
 We also reject Compass' alternative argument, that a factual dispute over whether it possessed such property after December 1984 rendered summary judgment improper. Whether Compass possessed the equipment after December 1984 is immaterial. Section 542(a) provides for more than a mere turnover of actual property. It provides that "an entity ... in possession ... during the case of property that the trustee may use, sell or lease under section 363 ... shall deliver to the trustee, and account for, such property, or the value of such property." 11 U.S.C. § 542(a) (emphasis added). Section 542(a) "plainly applies to estate property that was possessed by anyone 'during the case,' whether or not they still have it." Redfield v. Peat, Marwick, Mitchell & Company (In re Robertson), 105 B.R. 440, 457 (Bankr.N.D.Ill.1989).
 
 
 10
 It is undisputed that Compass was in possession of restaurant equipment belonging to Innsbruck after it discovered the pending bankruptcy. Despite its awareness of the bankruptcy, Compass failed to deliver this property to the trustee.
 
 2. Evidentiary Documents
 
 11
 In granting summary judgment against Compass and Mogul, the bankruptcy court relied on an affidavit submitted by Richard McDonald, counsel for Innsbruck. The affidavit incorporated and referred to answers to interrogatories, affidavits and depositions which were attached to it. Compass and Mogul contend the court erred in relying on the McDonald affidavit because it was based on the attached documents, not on McDonald's personal knowledge. We disagree.
 
 
 12
 When deciding a motion for summary judgment, a court may consider answers to interrogatories, affidavits, depositions and admissions of fact. By Curnow & Through Curnow v. Ridgecrest Police, 952 F.2d 321, 324 (9th Cir.1991), petition for cert. filed, 61 U.S.L.W. 3061 (U.S. July 1, 1992) (No. 92-137). The admissibility and sufficiency of the answers to interrogatories, affidavits and depositions which were attached as exhibits to McDonald's affidavit are uncontested. These exhibits were properly considered. See Fed.R.Civ.P. 56(e) (affidavits may be supplemented with depositions, affidavits and answers to interrogatories).
 
 B. Summary Judgment: Mogul
 
 13
 Mogul contends summary judgment against him was improper because there are disputed issues of fact as to whether he had "possession" or "control" of money or personal property belonging to Innsbruck when the petition for bankruptcy was filed.
 
 
 14
 "The thrust of 11 U.S.C. § 542 is that an entity having the power to regulate or direct the transfer of assets that are property of a debtor's bankruptcy estate must utilize that power of direction to turn the assets over to the trustee for the estate or otherwise account for them." Redfield v. Peat, Marwick, Mitchell & Co. (In re Robertson), 115 B.R. 613, 622 (Bankr.N.D.Ill.1990). The entity that "direct[s] payment of assets that are property of the estate" effectively has control of such assets for purposes of section 542. Id. at 622-23.
 
 
 15
 Mogul signed letters directing the transfer of funds from Innsbruck's Pizza Time bank account to Orlando, and from Orlando to Compass. This evidence establishes that Mogul "had the responsibility to and did authorize and direct the payment" of Innsbruck's post-filing funds. Id. There is no genuine issue of fact as to whether Mogul controlled Innsbruck's post-bankruptcy earnings. The evidence conclusively established that he did. See id. at 622 (entity that had the responsibility to authorize, and did in fact direct payment of estate property to the debtor controlled that property for purposes of section 542).
 
 
 16
 The evidence with respect to the restaurant equipment is also undisputed. Prior to December 1984, Mogul ordered Orlando to withhold all of Innsbruck's equipment pursuant to the terms of the March 9 agreement. In December 1984, Mogul authorized the removal of Innsbruck's equipment, furniture and supplies by superior lienholders. Mogul's contention that he did not have the right to control this property does not dispute the reality of the situation, that he did in fact control it.
 
 C. Default Judgment Against Orlando
 
 17
 We review the denial of a motion to set aside an entry of default for abuse of discretion. Hawaii Carpenter's Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986) (Stone ).
 
 
 18
 The bankruptcy court entered a default against Orlando on April 3, 1986, for failing to appear, plead or answer Innsbruck's properly served complaint within the statutory period ending December 28, 1985. Orlando's motion to vacate the entry of default was denied on February 12, 1987.
 
 
 19
 Orlando contends the bankruptcy court abused its discretion in refusing to set aside the entry of default. We reject this contention because "[a] party in default ... is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Stone, 794 F.2d at 513. Based on our review the record, we conclude that Orlando failed to make such a showing in the bankruptcy court or the district court. Moreover, it has also failed to present any theory of a meritorious defense on appeal.[1]
 
 
 20
 AFFIRMED.
 
 
 
 *
 Hon. James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm all issues, we need not address Mogul's, Compass' and Orlando's alternative argument, whether the bankruptcy court properly held they were not entitled to a jury trial