UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CROMWELL FIELD ASSOCIATES, LLLP,
          *Plaintiff-Appellee,*

v.

THE MAY DEPARTMENT STORES
COMPANY,

          *Defendant-Appellant.*

No. 00-1385

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-3249-JFM)

Argued: December 6, 2000

Decided: March 2, 2001

Before TRAXLER and KING, Circuit Judges, and
Terrence W. BOYLE, Chief United States District Judge for the
Eastern District of North Carolina, sitting by designation.

---

Affirmed by unpublished opinion. Chief Judge Boyle wrote the opinion, in which Judge Traxler and Judge King joined.

---

## COUNSEL

**ARGUED:** David Engle Martin, Office of Legal Counsel, THE MAY DEPARTMENT STORES COMPANY, St. Louis, Missouri, for Appellant. Benjamin Rosenberg, ROSENBERG, PROUTT, FUNK & GREENBERG, L.L.P., Baltimore, Maryland, for Appellee. **ON**

**BRIEF:** C. Michelle Mitchell-Bromfman, Office of Legal Counsel, THE MAY DEPARTMENT STORES COMPANY, St. Louis, Missouri; Christopher R. Mellott, E. Anne Hamel, VENABLE, BAETJER & HOWARD, L.L.P., Baltimore, Maryland, for Appellant. Douglas B. Riley, ROSENBERG, PROUTT, FUNK & GREENBERG, L.L.P., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

BOYLE, Chief District Judge:

May Department Stores ("May") appeals from the district court's granting of summary judgment to Cromwell Field Associates, LLLP. Cromwell Field originally brought this action to compel May, as guarantor of a commercial lease, to perform its obligations under the lease.

In 1985 Cromwell Field entered into a lease agreement with the original lessee, Caldor, Inc., for a retail department store in Glen Burnie, Maryland. May now holds the guaranty for that lease.* In September 1995 Caldor filed a voluntary petition for bankruptcy under Chapter 11. In April 1999 Caldor complied with the Bankruptcy Court's order to reject the lease pursuant to § 365(a) of the Bankruptcy Code and vacate the premises.

In July 1999 Cromwell Field elected to file a proof of claim for

---

*Caldor was a wholly-owned subsidiary of Associated Dry Goods, Inc. ("ADG"). ADG executed a guaranty of the lease on behalf of Caldor. During the following year May acquired all of the stock of ADG, and ADG was eventually merged into May. Caldor was later sold off by May. May does not dispute the fact that it is the successor and holder of the guaranty on Caldor's lease.

"damages resulting from the termination" of the Lease, pursuant to § 502(b)(6) of the Bankruptcy Code. In its proof of claim, Cromwell Field asked the Bankruptcy Court to award it over $1.4 million in damages. May continued to pay all of the rent due under the lease through August 1999 but has not paid any rent since. In November 1999 Cromwell Field filed suit against May for rent due under the lease and also sought a declaratory judgment that May was obligated to perform Caldor's obligations under the lease for the remainder of its term.

The district court granted summary judgment to Cromwell Field on both issues. The district court held that Caldor's rejection of the lease in bankruptcy did not release May, as the guarantor, from liability and that it was unnecessary to look at the terms of the lease to determine the nature and scope of May's liability. May was ordered to pay $88,759.66 in delinquent lease payments for the months of September and October 1999. The district court also entered a declaratory judgment declaring that May was the guarantor of the lease for the remaining 12-year term of the lease.

## I.

May argues that Caldor's rejection of the lease did not constitute a termination of the lease and instead argues that Cromwell Field terminated the lease by filing its claim for damages under § 502(b)(6) of the Bankruptcy Code. While the courts are split on this issue as it generally applies, *see, e.g.*, *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077 (9th Cir. 1989), *but see Matter of Austin Development*, 19 F.3d 1077 (5th Cir. 1994), in the present context of a non-residential lease in which the tenant must immediately surrender possession upon rejection, the rejection of the lease is also a termination of the lease. *See In re Henderson*, 245 B.R. 449 (Bkty. S.D.N.Y. 2000). As the Court in *In re Henderson* explained:

> The effect of rejection is one of the great mysteries of bankruptcy law. As a rule, the rejection of a lease gives rise to a pre-petition breach, 11 U.S.C. §§ 365(g)(1), but does not terminate the lease. *See Medical Malpractice Ins. Ass'n v. Hirsch* (*In re Lavigne*), 114 F.3d 379, 386-87 (2d Cir. 1997) (discussing the effect of rejection on executory contracts).

> This broad rule is nonetheless subject to a significant exception. Where the trustee rejects a non-residential real property lease, he must immediately surrender the property to the lessor. 11 U.S.C. §§ 365(d)(1). In such a case, rejection is tantamount to termination.

*Id.* at 453.

Under the Guaranty of Lease enacted between Cromwell Field and May's predecessor May unconditionally guaranteed the full performance of the lease. The lease stated:

> [T]he obligations of the Guarantor shall in no wise be terminated, affected, or impaired by reason of . . . the relief of Tenant from any of Tenant's obligations under the Lease whether by operation of law or otherwise (including, but without limitation, the rejection of said lease in connection with proceedings under the bankruptcy laws now or hereafter enacted). . . .

J.A. 94. May argues that its liability is co-extensive with Caldor's obligations and that, by filing its claim for damages, Cromwell Field terminated further payments owed by May under the conditions of the Lease. The filing of a proof of claim under 11 U.S.C. § 502(b)(6) does not "cut off and extinguish the lessor's claim for amounts in excess of the amount chargeable to the debtor's estate. . . . [T]hus, the lessor can still look to the person or entity that guaranteed the debtor's lease obligations." *In re Modern Textile*, 900 F.2d 1184 (8th Cir. 1990). Cromwell Field has appropriately looked to May to fulfill Caldor's lease obligations. Article 8 requires that the tenant, (or May as the guarantor) make all payments of rent even if the tenant vacates the premises, unless Cromwell Field subsequently gives the tenant notice that it is canceling the Lease. Cromwell Field has given no such notice, and May remains liable for the rent payments during the months of September and October 1999.

## II.

May also contends that the district court erred when it granted a declaratory judgment that the guaranty is enforceable against May.

May argues that, under the Declaratory Judgment Act, 28 U.S.C. § 2201, there can be no "actual controversy" as to future rent owed because, under Maryland law, future rental obligations do not constitute a present debt and cannot give rise to an independent cause of action. According to May, in finding that Cromwell Field need only show that May has failed to pay rent or other charges when due to obtain judgment of the amount due, the district court has effectively entered a monetary judgment for the full future rent reserved under the lease. Furthermore, a myriad of circumstances could arise (reletting, taking by eminent domain, destruction by fire) which could materially affect the obligation to pay, and May could be prevented from raising any defenses.

May is reading the declaratory judgment too broadly. The actual holding of the court order is: "I can only resolve that the guaranty is enforceable against May." Order and Memorandum, J.A. 241. The district court simply declared the rights and legal relations of the parties arising out of the guaranty. The declaratory judgment does not mandate that May is liable for future rents, nor does it preclude future changes in the obligations between the parties, and Cromwell Field must still show that May has failed to comply with its obligations under the guaranty in order to obtain a judgment.

### III.

May's final claim is that the district court abused its discretion by not granting a continuance on Cromwell Field's Motion for Summary Judgment pending additional discovery. May requested a continuance of Cromwell Field's Motion for Summary Judgment, but the district court denied this continuance, holding that there were "no material facts that remain unknown." Order and Memorandum, note 1, J.A. 240. May sought additional discovery about the formation of the guaranty and about Cromwell Field's attempts to mitigate damages.

The review of a district court's decision denying a request to continue is reviewed for an abuse of discretion. *Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995). The district court did not abuse its discretion by denying May's request for a continuance. The facts on which the district court relied to decide this case were not in dispute. The facts that May sought under discovery were immaterial to the sum-

mary judgment motion. Summary judgment was predicated on the relationship of the parties under the lease and guaranty, not on the actions that were undertaken to mitigate damages.

## IV.

For the foregoing reasons, we conclude that the district court correctly determined that May was liable for the September and October 1999 rent under the guaranty, that the declaratory judgment stating that the guaranty is enforceable against May was proper, and that the district court did not abuse its discretion by failing to grant May a continuance. We thereby affirm the district court's granting of summary judgment.

*AFFIRMED*