**Flora Marie GIOVANNONI,**
**Plaintiff–Appellant,**

**v.**

**BIDNA & KEYS, a Professional Law**
**Corporation, et al., Defendants–**
**Appellees.**

**No. 06–15640.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Nov. 7, 2007.

Fred W. Schwinn, Esq., Consumer Law Center, Inc., San Jose, CA, for Plaintiff–Appellant.

Harvey M. Moore, Bidna & Keys, APLC, Newport Beach, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. 34(a)(2).

Before: ROTH **, THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

This is an appeal from an attorney's fee award entered in an action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* For the reasons stated below, we affirm in part and remand in part the order of the district court.

Flora Marie Giovannoni brought an action in district court against a debt collection law firm and the collection attorneys that it employed (collectively referred to as defendants), claiming various violations of the FDCPA. On October 21, 2005, after accepting defendants' Federal Rules of Civil Procedure Rule 68 offer of judgment, Giovannoni filed her motion for attorney's fees and costs, seeking compensation in the amount of $8,677.50 for 33.3 hours spent by her counsel (hereinafter Schwinn), $423.00 in taxable costs, and $88.10 in non-taxable costs. On November 17, 2005, the clerk of the court taxed costs in the amount of $250.00. Thereafter, on February 6, 2006, 2006 WL 279345, the district court awarded Giovannoni her attorney's fees in the amount of $4,338.75, half of the amount requested. In making such award, the district court concluded that the requested fees were excessive, Giovannoni's claims were not novel or difficult to resolve, and Schwinn's hours were increased by his admittedly unyielding approach. After Giovannoni filed a motion to alter or amend the judgment, the district court, on March 20, 2006, affirmed its prior order and gave a more detailed explanation of the factors which led it to reduce the fee requested: Schwinn had unreason-

ably prolonged settlement negotiations, he did not represent Giovannoni as efficiently and effectively as would be expected of an attorney who billed $300 per hour, and, considering all factors generally, a reduction of the attorney's fees by half was appropriate. This timely appeal followed.

The district court had jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

So long as the district court applied proper legal standards and did not clearly err in any factual determination, its award of attorney's fees is reviewed for abuse of discretion. *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1147–48 (9th Cir. 2001). Pertinent to our review is whether the district court satisfied its obligation "to articulate … the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar." *Id.* (quoting *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir.1992)).

■ Giovannoni first claims that the district court erred in its determination of her attorney's fee award by performing an across-the-board, fifty percent reduction in the fee amount requested. We do not agree. First, we conclude that the district court's factual findings, although sparse, were not clearly erroneous. Second, we conclude that the district court used the proper legal standard in calculating the fee award by implicitly using the "lodestar" method. *See id.* at 1149 n. 4; *see also Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996). The record demonstrates that the district court adopted Schwinn's $300 hourly fee as a reasonable

---

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hourly rate. *See id.* Further, the district court's orders awarding attorney's fees and denying the motion to alter or amend judgment, read together, provide a sufficiently detailed basis for determining that half, or fifty percent, of Schwinn's time prosecuting the matter was unreasonably spent. *See id.*; *see also Gates,* 987 F.2d at 1398. Accordingly, the award reflecting a fifty percent reduction in Giovannoni's requested attorney's fees does not amount to an abuse of discretion.

■ Giovannoni next claims that the district court erred by failing to award her non-taxable costs of $88.10. We agree. In addition to a "reasonable attorney's fee", a judgment in Giovannoni's favor under the FDCPA entitles her to "the costs of the action." 15 U.S.C. § 1692k(a)(3). "Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). The record indicates that the non-taxable costs sought by Giovannoni fit this description. Accordingly, we conclude that the district court abused its discretion by failing to award these costs.

For the reasons stated by the district court in its February 6, 2006, and March 20, 2006, orders, we **AFFIRM** in part the order awarding attorney's fees, but **REMAND** on the issue of Giovannoni's non-taxable costs of $88.10, as those costs should be reimbursed in full. As to defendants' motion under Fed. R.App. P. Rule 38 and request under 28 U.S.C. § 1912 for attorneys' fees and double costs, we **DENY** that relief because we conclude that Giovannoni's appeal is not frivolous. *See Sea Harvest Corporation v. Riviera Land Company,* 868 F.2d 1077, 1081 (9th Cir.1989).

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I join the majority's decision to remand on the issue of non-taxable costs and to deny Bidna & Keys' motion for fees and costs. However, I respectfully dissent from the affirmation of the district court's across-the-board reduction in attorney's fees. Although the district court appropriately justified some reduction in the fee award, it failed to explain adequately why it chose to make an across-the-board percentage cut rather than set forth an hour-by-hour analysis. Moreover, the district court failed to offer any explanation as to why a reduction rate of 50% was specifically appropriate.

A "district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Gates v. Deukmejian,* 987 F.2d 1392, 1399 (9th Cir.1992). However, we have criticized such a "meat-axe approach" and held that "decisions of district courts employing percentages in cases involving large fee requests are subject to heightened scrutiny." *Id.*; *see also Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1150 (9th Cir.2001) ("[i]f the district court nonetheless decides to reduce the lodestar hours on a pure across-the-board basis, then we need an explanation for that choice if we are meaningfully to review the fee award for abuse of discretion"). We have also held that "even where the district court does explain adequately the decision to cut the lodestar hours compensated by the across-the-board method, there is still the need for the district court to provide, after an independent perusal of the record, some explanation for the precise reduction chosen." *Ferland,* 244 F.3d at 1151; *see also Gates,* 987 F.2d at 1400 (district court must "set forth a 'concise

but clear' explanation of its reasons for choosing a given percentage reduction"). The requirement of an explanation guards against arbitrary fee reductions, while permitting the district court the latitude it needs in determining the appropriate amount of fees to award.

In this case, I do not necessarily disagree with the reasonableness of the district court's ultimate conclusion, nor do I necessarily disagree with the district court's approach. Indeed, it appears to me that the district court gave this matter a great deal of careful consideration. However, because the district court's explanation does not conform to the requirements of controlling precedent, I would vacate the fee award and remand the issue to the district court for its reconsideration and for the entry of a new fee order.