**NOT FOR PUBLICATION**

OCT 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: JIM SLEMONS HAWAII, INC., Debtor, | No. 11-60071 BAP No. 10-1284 |
| JIM SLEMONS HAWAII, INC., Appellant, v. UST - UNITED STATES TRUSTEE, HONOLULU and CONTINENTAL INVESTMENT COMPANY, LTD., Appellees. | MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted October 10, 2013**
Honolulu, Hawaii

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The bankruptcy court properly granted Continental's motion to terminate the lease. To avoid termination, debtor had to assume the lease, which it could do only by filing a formal motion requesting court approval, stating particular grounds, and providing Continental with adequate notice and opportunity for a hearing. *See Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989); Fed. R. Bankr. P. 9014. Debtor did not file such a motion. It did file a motion to pay only a certain portion of rent due, but as a matter of law that motion did not suffice to effectuate an assumption of the lease. *See Sea Harvest*, 868 F.2d at 1079. The bankruptcy court did not abuse its discretion by denying debtor's set-aside motion. Debtor filed the motion thirty-three days after entry of judgment, well after the fourteen-day deadline set by Federal Rule of Bankruptcy Procedure 9023.

**2.** The bankruptcy court properly granted Continental's administrative rent motion. Even though debtor failed to assume the lease, it was required to pay rent until the lease was formally terminated. *See* 11 U.S.C. § 365(d)(3); *In re At Home Corp.*, 392 F.3d 1064, 1068 (9th Cir. 2004). The bankruptcy court also properly denied debtor's offset and sublessee rent motions. Debtor failed to rebut evidence

2

showing that its account had been fully credited and that Continental permissibly collected subrents pursuant to a prior agreement between debtor and Continental.

**3.** The bankruptcy court did not abuse its discretion by dismissing debtor's Chapter 11 case for cause under 11 U.S.C. § 1112(b). Debtor's failure to assume its lease with Continental resulted in a "diminution of the estate," and without that asset there was an "absence of a reasonable likelihood of rehabilitation." § 1112(b)(4)(A).

**4.** The bankruptcy court retained ancillary jurisdiction after dismissing the bankruptcy case, which authorized the court to decide the attorney's fees motion and to enforce its earlier order granting administrative rent. *See In re Taylor*, 884 F.2d 478, 481 (9th Cir. 1989); *In re Univ. Farming Indus.*, 873 F.2d 1334, 1335 (9th Cir. 1989).

**5.** We lack jurisdiction to review the bankruptcy court's order denying the attorney's fees motion because debtor's notice of appeal was untimely. The June 29, 2010, order denying fees was a final order. *See In re Yermakov*, 718 F.2d 1465, 1468–69 (9th Cir. 1983). Debtor filed its notice of appeal well after the fourteen-day jurisdictional deadline imposed by Rule 8002 had passed. *See* Fed. R. Bankr. P. 8002; *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007). Even if

debtor's appeal was timely—which it was not—the bankruptcy court did not abuse its discretion by denying debtor's motion for attorney's fees.

**6.** The bankruptcy court did not abuse its discretion by rejecting debtor's challenge to Judge Faris's impartiality. A "reasonable person with knowledge of all the facts" would not conclude Judge Faris's impartiality "might reasonably be questioned" because there is no credible evidence of extrajudicial bias. *In re Focus Media, Inc.*, 378 F.3d 916, 929 (9th Cir. 2004). Debtor also failed to show that the bankruptcy court's rulings were the product of "deep-seated favoritism or antagonism that [made] fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**AFFIRMED in part, DISMISSED in part.**