**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: J&M FOOD SERVICES, INC., <br><br> Debtor, <br><br> ------------------------------ <br><br> J&M FOOD SERVICES, INC., <br><br> Appellant, <br><br> v. <br><br> CAMEL INVESTMENT, L.L.C., <br><br> Appellee. | No.  18-60021 <br><br> BAP No. 17-1291 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Argued and Submitted May 17, 2019
San Francisco, California

Before:  IKUTA and CHRISTEN, Circuit Judges, and MORRIS,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

J&M Food Services, Inc., appeals the Bankruptcy Appellate Panel's order affirming the bankruptcy court's grant of Camel Investment, L.L.C.,'s motion to lift the automatic stay with respect to J&M's lease of commercial property from Camel and denial of J&M's motion to assume the lease nunc pro tunc. We have jurisdiction under 28 U.S.C. § 158, and we affirm.

J&M did not file a written motion or make an oral motion to assume the lease, and a debtor-in-possession cannot assume a lease absent such a motion. *See Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989); *see also* 11 U.S.C. § 365(d)(4)(A); Fed. R. Bankr. P. 6006, 9013, 9014. J&M's statements before the bankruptcy court did not amount to an oral motion because they did not "state with particularity the grounds" for the motion or "set forth the relief or order sought." Fed. R. Bankr. P. 9013. Therefore, J&M's lease was "deemed rejected" when the 120-day statutory deadline to assume or reject an unexpired lease of nonresidential real property passed. 11 U.S.C. § 365(d)(4)(A).

Even assuming the equitable doctrines of waiver and estoppel can apply to prevent the statutory rejection of a lease under § 365(d)(4)(A), *see George v. City of Morrow Bay (In re George)*, 177 F.3d 885, 889 (9th Cir. 1999), J&M did not meet the conditions for those doctrines here. The bankruptcy court found that Camel did not engage in any post-petition inequitable conduct in connection with

2

its relationship with J&M. This finding was not clearly erroneous, and accordingly the bankruptcy court did not err in declining to apply estoppel in this case. *See id.* at 890. Further, Camel's right to enforce rejection of the lease did not vest until the lease was rejected, and Camel did not engage in any behavior that could support a finding of waiver after the lease was rejected. *See id.* at 889. Because Camel did not waive any "right, privilege, advantage or benefit," the bankruptcy court did not err in declining to apply waiver. *See id.* Accordingly, the bankruptcy court did not err in granting Camel's motion to lift the automatic stay and denying J&M's motion to assume the lease nunc pro tunc.

Finally, the bankruptcy court did not abuse its discretion in declining J&M's oral motion to compel additional discovery because the discovery would have had no bearing on the outcome of J&M's motion to assume. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008).

**AFFIRMED.**

3